DAVID READ, defendant below, *vs.* DARIUS S. BARLOW, plaintiff below.---*IN ERROR.*

*Franklin, January, 1826.*

A confession of judgment to account in an action on book account, does not conclude the defendant as to any article charged, or prevent him from questioning before the auditor the propriety of a recovery therefor, in this form of action.

The plaintiff is not required on *oyer*, to verify his account by oath; and in the hearing before the auditor, he is not confined to the *oyer*.

If the defendant can show, by evidence before the Court, payment or satisfaction, for such articles as are given on *oyer*, or a release or discharge, he may avail himself of such defence by plea; but neither party can testify in Court, and generally, there is no use in craving *oyer*.

The production of an original account book *would seem* to be not indispensable to support an action on book account.

By the settled practice of the *Supreme Court*, the whole account audited must be stated out, or attached to, the report, by the auditor, and returned with it.

Auditors are the instruments of the Court, by which the law is administered. Their decisions are subject to the revision of the Court; and error in rendering judgment thereon, is good cause for a reversal of such judgment.

A transfer and *delivery* of the articles charged, is essential to the validity of the charges, without which, no action of book account can be sustained upon them.

AN action on book account was brought by Barlow against Reed, before a justice of the peace, and by appeal, was removed to the county court, where judgment to account, by confession of defendant, was rendered, and the cause sent to an auditor, who made report to the Court in favour of Barlow, (the plaintiff below,) for the sum of one hundred dollars, which was objected to by the defendant, but accepted by the Court, under a rule, that

19

*Franklin*,
January,
1826.

Read
*vs.*
Barlow.

the same should be set aside, in case the Court should be of opinion that from the case stated, and agreed to by the parties, it ought not to be accepted. This statement of facts is attached to the record, and by the county court recognized as a bill of exceptions by them allowed, and upon the judgment rendered thereon for the plaintiff below, this writ of error is brought.

The report of the auditor was a general one, finding for the plaintiff below, the sum of $100,00.

It appeared from the exceptions, that the account was for a small library of law books---that the articles had never been delivered; and that if there was any agreement or understanding of the parties in relation thereto, it was a special one, not only as to price, but also as to the mode of payment.

*Swift*, for the plaintiff in error, contended, that, in order to entitle a party to maintain an action of book account, there must be a book, or at least the items of account must be written down; and this written account of the items of the plaintiff's claim is indispensable testimony in the cause.---See *Stat.* 142. *Swift Ev.* 81.---*Swift's Dig.* 729.

That the action of book account will not lie to recover for property, when the price must necessarily depend on a special contract, there being no necessity in that case, of this form of action.---*Brayton's Rep.* 39, *Whelpley* vs. *Higley.* 1 *Con. Rep.* 75. 2 *Root's Rep.* 130, *Johnson* vs. *Gunn.*

That, in order to maintain this form of action, there must be an actual, not a constructive, delivery. (*Sw. Ev.* 83.) In this case the plaintiff's claim is founded on a mere executory contract. *Kirby's R.* 289. *Am. Dig. title 'Action of Book Debt.'* 1 *Day's R.* 105.

That the action of book account is founded on the statute, and admits the testimony of the parties, contrary to the rules of the common law, and ought to be strictly construed.----2 *Bays. Rep.* 172, *and cases there cited.*

That a judgment to account, by confession, is no admission of the truth of the account, or any item of it, or that the articles charged, are a proper subject of book charge. It is merely an admission that the defendant has nothing in *bar* of the action.---- *Jacob's L. D. Title Acct'*, *p.* 26.---*White's Dig.* 62.---6 *Coke's R.* 40.----*Cro. Jac.* 356.

That an auditor cannot examine the parties on oath, as to any contract, or agreement, as to the price of the articles charged, or as to any condition on which the delivery was made, or to be made; but merely as to the delivery, quality, and quantity of the articles charged, and only in relation to their respective accounts; and cannot examine the parties, where there is no account.----*Stat.* 142.----2 *Root's R.* 130.----*Kirby's R.* 289, 207, 353.

That the auditor, in ascertaining the balance, ought to be governed by the value of the articles charged, and not by the price fixed on by the contract of the parties; especially where the value of the articles charged, fall short of the price agreed on; for the plaintiff, by resorting to this form of action, waives the contract.---*Selwin's N. P.* 8, *note* 12.---3 *Wilson*, 94.---2 *Day's R.* 116.

*Franklin,*
*January,*
1826.

Read
*vs.*
Barlow.

The auditor ought to return the account, with his report, into Court, that the Court may judge of it. (*See Stat.* 142 ; also case of *Bartlet* vs. *Bartlet,* in Supreme Court, July term, 1825.) The auditor being appointed by the Court, his doings are subject to examination by the Court.----1 *Root's R.* 137, 268, 413.

That the auditor cannot examine the plaintiff relative to any contract, agreement, or promise, by virtue of which he would entitle himself to recover: whereas, in this case, he admitted him to swear to a special contract.----2 *Root,* 130.----*Kirby,* 353. ----*Swift's Ev.* 86.

That a library, containing books of various kinds and prices, cannot be charged on book, *en masse,* no more than a variegated collection of merchant's goods ; for the articles must be separately charged, or their quality and value cannot be ascertained.

*Hunt, contra,* insisted, that the defendant below waived all objections to the form of action, in not pleading, that he ought not to account. That the subject matter of the account was proper to be charged, and that all accounts depend, in a measure, upon the contract, for the price of the articles charged, and the time and manner of payment.

That the parties, to actions of book account, can testify to special contracts, as to the price of the article sold, and the time and manner of payment.----*Swift's Dig.* 582.

That there is no error, in an auditor's not returning the items of the accounts, and, that it does not appear from the case, that the party requested them to be returned, or that they were not returned.

That the acceptance of a report of auditors is a matter of discretion with the Court, and the acceptance or rejection is no cause of error.

That the weight of testimony is to be determined by the auditor, (he being the tryer,) and not by the Court.

SKINNER, Ch. J. delivered the opinion of the Court.

One ground taken in support of the judgment is, that the defendant below, by giving judgment to account, has waived any objection to the form of action, and is thereby concluded, so that he cannot object to the propriety of the charges on book.

It has long been well settled, that a confession to account in an action on book account, does not conclude the defendant as to any article charged. The course has been, not to require the plaintiff, on *oyer,* to verify his account by oath : and in the hearing before the auditor, he is not confined to the *oyer.* If the defendant can show, by evidence before the Court, payment and satisfaction, for such articles as are given on *oyer,* or a release, or discharge, he may avail himself of such defence by plea ; but neither party can testify in Court, and generally, there is no use in craving *oyer.* In this case, if *oyer* had been given, the defendant could have pleaded nothing that would avail him; for no legal objection can be made to the charge of one or more law books ; and whether they were delivered or not, or whether

*Franklin*,
January,
1826.

Road
*vs.*
Barlow.

upon a special contract or not, may have been, and probably was, confined to the knowledge of the parties.

The plaintiff in error insists, that to entitle a party to recover in this form of action, the evidence arising from the production of a regular account in writing, is indispensable.

That a regular and correct account book, in which entries are made from time to time, as articles are delivered, or services performed, affords strong corroborative testimony, is certain; but such proof has been (perhaps unadvisedly) dispensed with by a course of practice; and an original account in writing, though made at a time subsequent to the delivery of the articles, and though disputed, has been received. He also insists, that where the price of the article must necessarily depend upon a special contract between the parties, no recovery can be had therefor in an action on book. Though this objection may be well urged in such case, yet it is not considered as properly applicable to a charge for law books.

It is said by the defendant, that the acceptance of a report of auditors is matter of discretion, and error cannot be predicated thereon. This position is not correct. Auditors are the instruments by which the law is administered, and are appointed without the consent of parties, and their decisions are subject to the revision of the court, and error in rendering judgment thereon, is as much cause for reversal thereof, as error in rendering judgment in any other case.

Although by the settled practice of the Court, the whole account is by the auditor to be attached to, and returned with the report; in this case we have considered, from an examination of the record, that there is a further error, for which the judgment must be reversed.

It appears from the case, that the articles for which satisfac- is claimed, were never *delivered*, and that, if there was any agreement of the parties in relation thereto, the *contract was a special* one, not only as to the *price*, but also as to the *mode of payment*, *i. e.* in a particular horse, to be apprized by a person agreed upon by the parties, and in grain. We believe it to be essential, to entitle the party to an action, that there should have been a transfer of the property; and that, without a *delivery* of the articles, no action on book account can be sustained. A different rule would be dangerous in the extreme. If a recovery can be had, in an action on book account, for goods not delivered, or for services not performed, by the testimony of the party to the contract; (and the law requires no other testimony in this action,) few cases will remain, to which the salutary rule of law, that a party cannot be a witness for himself, will apply.

Judgment reversed.

*B. Swift*, for the plaintiff in error.

*L. B. Hunt*, for the defendant in error.