JOHN DELAWARE vs. ALVAH B. STAUNTON.

In the action on book, a plea which admits the defendant to have been once accountable, though it goes in discharge, is bad.

Any plea in bar, which puts in issue facts to which the parties may testify, is bad.

Therefore, a plea of payment or settlement in bar, is bad.

Before auditors, parties are competent to testify to payment.

This was an action of book account, commenced at the March term of the county court, 1833.

The defendant prayed oyer of the plaintiff's account and plead, in bar, the following pleas.

1. That the defendant, heretofore, to wit, on the 10th day of January, A. D. 1833, at Jericho, aforesaid, paid and satisfied to said plaintiff, one dollar, in full satisfaction and discharge of said book account, and said plaintiff then and there accepted and received of said defendant said sum of one dollar in full payment, satisfaction and discharge of said book account.

2. That after the accruing of the account aforesaid, to wit, on the 10th day of January, 1833, at Jericho aforesaid, the plaintiff and defendant then and there settled and adjusted all demands and book accounts between them—and said book account was then and there, by the mutual consent and agreement of said plaintiff and defendant, settled, adjusted and paid ; and said plaintiff then and there, after the accruing of said account by his receipt or memorandum or writing, signed by the said plaintiff, acknowledged that he had then and there received of said defendant one dollar, in full satisfaction and discharge of said book account.

3. That after the accruing of said account, to wit, on the 10th day of January, 1833, at Jericho aforesaid, said defendant fully accounted to and with said plaintiff, in relation to said book account, and there was then and there, on said accounting, in rela-

CHITTENDEN,
January,
1836.

Delaware
vs.
Staunton.

tion to said book accounts between said plaintiff and defendant, found due, from defendant to plaintiff, one dollar,— and defendant then and there, paid and satisfied to plaintiff, said sum of one dollar, in full satisfaction and discharge of said book account; and plaintiff then and there accepted and received of and from defendant, said sum of one dollar, in full payment, satisfaction and discharge of said book account.

To these pleas the plaintiff demurred generally; whereupon the court adjudged them insufficient, and rendered judgment that the defendant ought to account. To this decision the defendant excepted.

At the March term of the court, the auditors to whom the cause was referred, made a special report as follows:

"The plaintiff exhibited as his account paper marked A. Defendant contended that on the 10th day of January, 1833, he settled with plaintiff and paid him the full amount of his account, and that plaintiff then executed and delivered to him a receipt in full, hereto annexed, which defendant insisted on as conclusive. Plaintiff's counsel offered to show by the oath of the plaintiff, that this receipt was obtained by fraud or mistake; to which defendant objected; but the auditor admitted the evidence and both parties testified, and from their evidence the auditor finds the following facts: That about the 20th December, 1832, the plaintiff drew and delivered to Butler and Peaslee, an order on the defendant for $20, payable at sight; that Butler, of the firm of Butler and Peaslee, presented the order to Staunton, before the 10th of January, 1833, who said he would pay it, if on a settlement with Delaware, he should owe him that sum; that on the 10th of January, 1833, the parties attempted to settle, when it was agreed, that Staunton should accept and pay the twenty dollar order to Butler and Peaslee, and give Delaware an order on D. A. Smalley for the balance and therefore gave the accompanying order of eight dollars on said Smalley, which was exhibited to said Smalley, and he said he would accept it, and the plaintiff executed the receipt in full. Within an hour after the exchange of papers plaintiff went to defendant, alleging that there was a mistake in the receipt; that it should have been for eighteen dollars, and desired him to rectify the mistake or take back the order, which defendant refused, and the auditor finds it was not the intention of the plaintiff to settle the amount on the receipt of the order of $8, but that his intention and expectation was, that it was to have been $18."

7

CHITTENDEN,
January,
1836.

Delaware
vs.
Staunton.

Auditor also finds that the order has not been paid by Smalley, and the same is herewith exhibited by the plaintiff, in order to be cancelled.

The auditor further finds, that Butler again presented the twenty dollar order to defendant, on the 10th February, 1833, and that defendant refused to pay it, and gave notice soon after to Delaware; that Butler and Peaslee sued Delaware for this $20 of their account not paid by this order; that Delaware resisted on the ground that it was paid by the order, but in the end the parties agreed and Delaware paid them ten dollars, to be in full.— On this evidence the auditor considered and adjudged that plaintiff was not concluded by the receipt; that the account was still open and that plaintiff was entitled to recover.

To the acceptance of this report, the defendant made the following objections:

1. Because the auditor admitted the plaintiff by his *own* oath to avoid the settlement that was made and the receipt that was executed between the parties, on the 10th day of January, 1833, which was subsequent to the accruing of the plaintiff's account.

2. Because the auditor made the defendant chargeable for the order of $20, drawn by the plaintiff upon defendant, in favor of Butler and Peaslee, after the defendant had given a conditional acceptance and that condition had become absolute.

The report was accepted by the county court and exceptions to the same filed by the defendant.

*D. A. Smalley for defendant*—The statute creating the action on book account, declares, that the "same proceedings shall be had therein as are had in the common action of account."—Rev. Stat. 142 sec. 2.

The same act, p. 141 sec. 1. declares, that "any defendant, in any action of account, may plead in defence any plea, (which being true, he she or they ought not to account) and it shall be tried by a jury."

Are not pleas in bar proper pleas, and pleaded in a proper manner? If they are, can the demurrer be sustained without repealing the statute.

2. The order drawn upon Staunton by Delaware, was conditionally accepted, or agreed to be accepted. And when the settlement was made and Staunton was brought in debt to Delaware for more than $20, he was liable to Butler and Peaslee for the order, and nothing appears from the case that the liability has ever been discharged.

*Mr. Maeck for plaintiff,*—The defendant, in all his pleas in bar, sets forth the oyer of plaintiff's account and pleads payment, &c. of the account given in oyer, and of all accounts up to the 10th of January, 1833. His pleas were plead at the March term, 1833, and we contend they are all bad.

CHITTENDEN, January, 1836.

Delaware *vs.* Staunton.

1. Because they made the oyer material, and the plaintiff must either demur or take issue on the payment of the account given in oyer.

If the oyer is immaterial, the issue would be of course; and if the plaintiff replies over other account—as the oyer, if material, becomes a part of his own pleading—it would be a departure.

2. The auditor is bound to adjust the account up to the period of the audit; consequently the pleas should have negatived any account between the parties, arising after the 10th of January and the time of the plea pleaded.

3. If these pleas can be pleaded, the decision on the facts is withdrawn from the auditor and refered to the jury. Distinct issues may be formed then on every item of an account; for the court cannot say, that the jury may try one issue in fact and not another in the same cause; and if the fact is tried by the jury and found against the party pleading it, he may still defend on the same ground before the auditor. The defendant also may have a jury decide on his defence against the plaintiff's account, which the plaintiff cannot have against the defendant's account, if he offsets it.

But again, if these pleas can be sustained, it deprives the party of the benefit of his oath; for it will not be contended that the court would permit him to testify before the jury. It is well settled law, that he is a witness in an action on book, to the truth of the matter set forth in these pleas.—*Stevens* vs. *Richards and Truesdell,* 2 Aiken 81—*Fay et al.* vs. *Green,* 2 Aiken 386—*Austin* vs. *Bary and Meigs,* 3 Vt. Rep. 59—*May and Wales* vs. *Corlew,* 4 Vt. Rep. 16—*Mattocks* vs. *Owen,* 5 Vt. Rep. 42—*Darling* vs. *Hall,* 5 Vt. Rep. 91—*Leach and Walker* vs. *Shepherd,* 5 Vt. Rep. 363—*Whiting* vs. *Corwin,* 5 Vt. Rep. 451—and in 6 Vt. Rep. 20, *Laughlin* vs. *Hill,* it was said by the court, that the only exception to the broad rule, that the party might testify to every fact, to the extent of any other witness, except in the case of a new promise.

As to the objections made on the auditor's report, the first is fully settled against the defendant by the foregoing authorities.

CHITTENDEN,
January,
1836.

Delaware
vs.
Staunton.

The second is frivolous and unconscionable. The defendant never paid or accepted the order, as he was bound to do, and it was destroyed. His objection is, that plaintiff might, by reason of the laches of B. and P. have forced them to make it their own, which cannot avail him if they could.

The opinion of the court was delivered by

WILLIAMS, CH. J.—In this case, which is an action on book, the defendant plead three several pleas in bar, to which there was a general demurrer. The county court rendered judgment for the plaintiff, to which exceptions were taken. The pleas are evidently bad. They amount to payment and nothing more; and whether considered according to the rules applicable to the action of account at common law, or to our action on book, such pleas are not to be received in bar of the action, but in discharge of the account before auditors. As a general rule, any matter which admits the defendant to have been once accountable or chargeable, although it goes in discharge, must be plead before auditors, and not in bar. The distinction which was early made in this action, was, that the judges were judges of the action and not of the account, but the auditors were judges of the account. A release of the *action* was held to be a good plea in bar, but a payment to the plaintiff himself, or by order of the plaintiff, or that the plaintiff had acquitted the defendant of the sum demanded, which amounted only to payment, could only be taken advantage of before auditors.

But further, by the system established by the statute, and the decisions of the court thereon in relation to the action on book, these pleas could not be allowed. They put in issue facts to which the parties may testify. It has been repeatedly decided that both the parties are competent to testify in relation to payment. As these pleas would put the question of payment, settlement, &c. in issue before the court and jury, when the parties cannot be sworn and testify, instead of putting them in issue before auditors, where the parties are competent witnesses, they cannot be sustained.

Further, these pleas do not and cannot answer the whole demand of the plaintiff. The auditors are to adjust the accounts between the parties to the time of auditing, without reference to the comencement of the action. Hence, although a suit may be commenced on account, before the time of credit had expired, yet, if it had expired before the hearing, by the auditors, and the

sum due is not paid, the plaintiff is entitled to a judgment. These pleas do not profess to answer any claim of the plaintiff later than the 10th of January, 1833, although they were filed in court two months subsequent to that time. It is said, that the plea meets the whole account proferted by the plaintiff, in answer to the prayer of oyer made by the defendant. It may be answered, that the plea should meet the whole action, and not merely the bill of particulars. It may also further be answered, that by the decisions of the courts, as recognized by chief justice Skinner, in *Reed* vs. *Barlow*, 1 Aik. 145, and by judge Phelps, in *Loomis* vs. *Barrett*, 4 Vt. Rep. 450, a plaintiff is not bound by his account as proferted, on the plea of oyer, and the defendant may not assume that the account thus proferted, is the whole which will be presented and controverted before auditors. On this ground the pleas cannot be considered as defending the whole cause of action.— The judgment of the county court, therefore, that the pleas were insufficient, was correct.

We have also noticed the objections which have been made to the judgment of the county court, in accepting the report of the auditors, and do not find them well founded. As to the first objection, it is sufficient to say, that it has been too often decided, that the parties are competent to testify as to the question of settlement or payment, to permit it now to be argued. The plaintiff was competent to testify in relation to a settlement. On the second objection, we can see no reason why the defendant should not be made chargeable for the whole account of the plaintiff. There is no foundation for the allegation, that the defendant can ever be made liable to Butler and Peaslee, on the order of twenty dollars, drawn by the plaintiff on the defendant, in December, 1832, after what has taken place between them and the plaintiff.

The judgment of the county court must be affirmed.