# CALEDONIA COUNTY.

## MARCH TERM, 1841.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE, } *Assistant Justices.*
" JACOB COLLAMER,

## DANFORD CARPENTER *v.* STEPHEN DOLE.

C. contracted to buy of D. all the potatoes the latter should raise in one season, and take them in the field, after they were dug and laid in heaps. D. gave notice to C. of the time when he should commence digging the potatoes, and C. drew more than eight hundred bushels away and stopped drawing, but did no act on his part to determine the contract, nor did he give notice that he should not take any more ; *Held,* that C. was liable for all the potatoes that were dug and laid in heaps, although he did not draw them all away.

THIS was a writ of error to reverse a judgment rendered in favor of the defendant in error against the plaintiff in error, by the county court, in an action of book account, in which action the auditor, appointed to audit the accounts of the parties, reported the following facts, among others, viz :—

The plaintiff below presented an account consisting of the following items.

Oct. 1838.    To 839½ bushels of potatoes you drew
away, at 12½ cents,                         $104 94
To 465        do        do
left in the field,        -        -        58 12
To 1 ton hay in the spring of 1838, 8 00
                                        —————
        CR.                             $171 06
Nov. 1838. By Cash,        -        -        100 00
                                        —————
                                        $ 71 06

After hearing the testimony, which was wholly in parol, the auditor found that sometime in the spring of 1838, the plaintiff below and the defendant below, had a conversation about the purchase of a lot of potatoes which the plaintiff below intended to raise the following season, and the defendant below agreed to purchase all the plaintiff below should raise that season, except what the plaintiff below should want for his own use, at twelve and a half cents *per* bushel, and take the potatoes in the field, after they were dug and laid in heaps ; that, in the fall of that year, the plaintiff below gave notice to the defendant below when he should commence digging the potatoes ; that the defendant below took and carried away some of them, and continued drawing until about the first of December following, (the plaintiff below having given notice, from time to time, that more potatoes were dug and ready,) at which time the defendant below stopped drawing ; that the plaintiff below covered the remainder, (being the 465 bushels charged in the account as left in the field,) slightly with earth, where they remained, were frozen and thus rendered of no value. The auditor allowed the charge for these potatoes.

The defendant below objected before the auditor to the allowance of the charge for the potatoes left in the field, because there had been no delivery of them, and he had not exercised any act of ownership over them, and the plaintiff below did not take ordinary care of them.

The defendant below excepted to the auditor's report :—

1. Because the contract, made in the spring of 1838, was not binding, not being mutual.

2. Because, if binding, it cannot be enforced in an action on book.

3. Because there was no delivery of the potatoes left on the field, and,

4. Because the contract, made in the spring of 1838, was void by the statute of frauds.

The county court overruled the exceptions, accepted said report, and rendered a judgment for the plaintiff below to recover against the defendant below the sum of $52.74, being the amount found due by the auditor, after deducting the account of the defendant below against the plaintiff below, and, to reverse this judgment, this writ of error was brought.

Carpenter
v.
Dole.

*W. Mattocks* argued for the plaintiff in error, and cited *Read* v. *Barlow*, 1 Aik. R. 145.  1 Vt. R. 97.  *Whiting* v. *Corwin*, 5 Vt. R. 451.  *Blish et al.* v. *Granger*, 6 Vt. R. 340.  9 Peters' R. 319, 327–8.  11 Vt. R. 32.  2 Camp. 240,  6 East, 614, 624–5.  7 Cowen, 231.  Id. 85, 87. Chitty on Cont. 115, 118.  1 Comyn on Cont. 89, 92. Roberts on Frauds, 177.

*C. Davis* argued for defendant in error, and cited *Edgell* v. *Bennett et al*, 7 Vt. R. 537.  *Martin* v. *Fairbanks*, Id. 97.  *Way* v. *Wakefield*, Id. 229.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This is a writ of error brought to reverse a judgment rendered by the county court in favor of Dole against Carpenter on the report of an auditor in an action of book account.  The question is whether Carpenter actually received a quantity of potatoes, amounting to 465 bushels, which were left in the field, as stated in the report.  It is admitted by the counsel for the defendant in error, that there must have been a delivery of these potatoes by Dole to Carpenter, or that a recovery therefor could not be had, and this admission obviates the necessity of our adverting to the questions of law, which have been argued, and, indeed, there is no doubt in regard to the law.  Unless this was an executed and perfected contract and sale, and nothing more was required, on the part of Dole, to vest the property in Carpenter, the action on book could not have been supported. The contract, made in the spring of 1838, for the sale of the potatoes, could not have been enforced while it remained executory, both for want of mutuality, and as coming within the prohibition in the statute of frauds.

The auditor finds that Carpenter is indebted for 465 bushels of potatoes which were left in the field, and charges him for that quantity.  This implies that he found a sale and delivery of that quantity.  If the facts found by him are not inconsistent with the fact that there was a sale, delivery and measurement of the potatoes charged, the judgment cannot be reversed.

It appears, that the contract was made in the spring of 1838, by which Carpenter agreed to purchase of Dole all the potatoes Dole should raise that season, except what he

should want for his own use; that, in the fall, the potatoes were dug, that Carpenter drew them away from time to time until the first of December, when he ceased drawing. And it appears that he actually drew away between eight and nine hundred bushels. After drawing this quantity, neither party were at liberty to refuse to perform the contract without being liable in damages therefor. Dole could not sell them to any one else, nor could Carpenter refuse to take them. It is not found that any thing took place that fall, showing that either had refused to carry the contract of the spring before into effect, or gave any notice of an intention so to do to the other. Indeed, the only objections taken before the auditor were that Dole had not delivered them, that Carpenter had not exercised any acts of ownership over them, and that Dole had not taken ordinary care of them, which seems to imply that Carpenter had some interest in the potatoes left in the field. Whether Carpenter had ever exercised any acts of ownership over them, was of no consequence, if they were delivered in pursuance of the contract, at the appointed place, according to the decision in the case of *Blish* v. *Granger*, 6 Vt. R. 340. The auditor had, in effect, found that the potatoes were dug and laid in heaps for Carpenter, agreeably to the terms of the contract; that a large part of them were carried away by him, and the remainder, consisting of 465 bushels, were left for him at the place appointed, and from these facts, he was warranted in finding a sale, and delivery by Dole to Carpenter of that quantity, and there are no facts inconsistent with such sale contained in the report.

The judgment of the county court is therefore affirmed.