Bundy et al. *v.* Ayer.

--»»✪✪»«««·

## G. J. & B. BUNDY *v.* JAMES AYER.

In order to recover for goods sold, in an action on book account, the plaintiff must prove an executed and perfected contract of *sale* of the property, completed by *delivery.*

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed, who reported that the plaintiffs presented an account against the defendant for a cooking stove and pipe, in reference to the sale of which the facts were as follows.

In September, 1843, the plaintiffs sold and delivered to Lucius Ayer, son of the defendant, a cooking stove and pipe at the price of twenty eight dollars, and received therefor a promissory note payable at a future day. Lucius Ayer subsequently became embarrassed in pecuniary matters and proposed to the plaintiffs to rescind the contract; and one of the plaintiffs, while going to the residence of Lucius Ayer, for the purpose of receiving the stove and surrendering the note, met the defendant, who proposed to buy the stove and

63

Bundy et al. *v.* Ayer.

pipe himself, at the same price at which they had been sold to Lucius Ayer, provided certain arrangements, then pending, should be concluded, and he should come into possession of a farm and house, which he had previously conveyed to Lucius under a contract for support during life, and provided the plaintiffs would receive, in part payment, an old stove then in use, and would receive the remainder of the price in produce in one year. This proposition was acceded to by the plaintiffs, and the note signed by Lucius was surrendered to him, and the plaintiffs agreed to receive back the stove and pipe ; but they did not in fact take them into their possession, in consequence of their arrangement with the defendant. The defendant was informed, that the contract between Lucius and the plaintiffs was rescinded ; and an arrangement was concluded, six or eight weeks after this, between Lucius and the defendant, by which the latter came in possession of the farm and house above mentioned ; but previous to this Lucius had disposed of the old stove, which the plaintiffs had agreed to receive in part payment. When the stove and pipe were sold by the plaintiffs to Lucius, a defect was discovered in the stove, for which the plaintiffs made an allowance in the trade, and agreed to furnish a new plate, in case the former one failed; and it appeared, that these circumstances were unknown to the defendant; but it did not appear, whether, or not, he knew of the defect in the stove at the time he entered into the arrangement with the plaintiffs. The defendant and Lucius, during all this time, lived in the same house, and occupied together the same room, in which the stove and pipe were used. The defendant, upon learning from his son the particulars of his contract with the plaintiffs, and in view of the defect in the stove, concluded, soon after he took back the farm from Lucius, that he would not have the stove, and so informed the plaintiffs; but they claimed, that the sale to the defendant was complete. The stove and pipe were then carried by Lucius to the plaintiffs,—but they refused to receive them, and they were then placed by Lucius in an out-building, and have remained there since, not used by any one.

The county court,—REDFIELD, J., presiding,—rendered judgment for the defendant upon the report. Exceptions by plaintiffs.

*T. Bartlett* for plaintiffs.

The continuance of the use of the stove by the defendant, after he had received from Lucius a re-conveyance of the farm and house, should be treated as closing the contract for the stove and pipe and bind the defendant to pay for them. 1 E. C. L. 154.

*D. Hibbard* for defendant.

The facts in the case show, that there was no contract of sale between the parties, and no delivery of the article sold; and without this the plaintiffs cannot sustain the action on book account. *Barlow* v. *Read*, 1 Aik. 145 ; 1 Vt. 97.

The opinion of the court was delivered by

KELLOGG, J. In order to enable the plaintiffs to maintain this suit, the facts proved at the hearing before the auditor must be sufficient to shew a *sale* and *delivery* of the property in question, by the plaintiffs to the defendants. It was so held in *Read* v. *Barlow*, 1 Aik. 145, and in the same case, when again before the court, reported in 1 Vt. 97. Nor can this action be sustained, unless the facts shew, that there has been an executed and perfected contract and sale of the stove, to the defendant. It was so decided in *Carpenter* v. *Dole*, 13 Vt. 578. Do the facts in the present case show such a sale and delivery, or such an executed and perfected contract and sale of the stove, that nothing more remained to be done, to *vest* the property in the defendant?

It appears, that some conversation was had between the plaintiffs and defendant respecting the purchase of the stove by the defendant in the event of the contract between the plaintiff and Lucius Ayer being rescinded ; and that the defendant proposed to buy the stove of the plaintiffs, provided certain arrangements should be made between the defendant and his son, Lucius Ayer, and provided, also, that the plaintiffs would take a certain old stove in part payment and the remainder in produce. The plaintiffs acceded to this proposition. They then separated, and nothing farther passed between the parties in relation to the stove. It is evident, that, at this interview between the parties, no contract of sale was executed and perfected, but the very *proposition* of the defendant was made to depend upon a contingency, which might never happen ; and in the event of its

happening, it contemplated farther action between the parties to complete and *perfect* a contract of sale. The property in the stove did not *vest* in the defendant.

Nor does it appear, that the plaintiffs, at this or any other time, *delivered* the stove to the defendant. It is, however, insisted, that, as the defendant, some two months afterwards, became repossessed of his farm, and the stove being in the house upon the premises occupied by him and Lucius, it should be considered as in the defendant's possession, and as equivalent to a delivery of the stove to him. The stove was in the possession of Lucius Ayer, who purchased it of the plaintiff, and in whose possession it has ever since remained. It was in his use, when the farm was reconveyed to the defendant, at which time the defendant notified the plaintiffs he should not take the stove. The defendant never used the stove, or exercised any contract over it whatever.

We are entirely satisfied, that there was no such contract of sale and delivery of the stove to the defendant, as will enable the plaintiffs to maintain this suit. Consequently the judgment of the county court is affirmed.