HEMAN CARPENTER *v.* LAWRENCE BRAINERD AND OTHERS.

*Book Account. Contract.*

The plaintiff delivered to the defendants a quantity of lumber according to the contract between them, a portion of which the defendants used, but being dissatisfied with the plaintiff's measurement of the remainder, which was according to the custom of the place, refused to accept it. *Held,* that the contract being entire, the actual acceptance and use of a part may well be treated as an acceptance of the whole.

*Held,* that there may be a recovery for the same in a book action.

BOOK ACCOUNT. There was no question in respect to any item of the plaintiff's account, except the third. The auditor reported as to this item in substance that in the fall of 1860, the defendants, as trustees of the Vermont Central Railroad, by their agent, E. F. Perkins, contracted with the plaintiff to take of him the hemlock, spruce, ash and basswood lumber that was on some twelve acres of land the plaintiff was to clear the next winter.

The lumber was all cut, sawed and delivered at a place at the railroad works, designated by Perkins, and occupied by the defendants, and according to the contract between the plaintiff and Perkins; and the same was actually accepted and used by the defendants except the basswood lumber named in item No. 3. A part of this was sawed into inch boards and the remainder into three and one-half inch planks.

After the basswood lumber was all drawn, the plaintiff requested Perkins to send a man to measure it. One Hodgden was sent, and first measured the boards, the boards and plank being in separate piles. His measure of the boards was satisfactory to the plaintiff. Then Hodgden commenced on the plank. He measured the narrowest side only, squaring each plank, and giving the plaintiff the measure of each plank when squared, and throwing out all of the "wane."

Carpenter said the plank lumber should be measured so as to give him the measure of the inch boards there were in it, or as it was said, "each inch should be squared." Hodgden, under Perkins' instructions, declined to measure the plank as Carpenter insisted was right. Carpenter then sent the town surveyor of wood and lumber in Northfield to measure said plank, and he measured the same ac-

cording to the rule and practice in Northfield, which was according to the rule that the plaintiff insisted upon.

After the lumber was measured in part as above described by Hodgden, Perkins always treated it as the property of the plaintiff, and the plaintiff always claimed that it was the defendants'. Neither party has interfered with it since it was measured by the surveyor, and it now lies where it was delivered by the plaintiff, nearly spoiled by exposure.

All of the above lumber, except the basswood, was measured after it was delivered in the defendants' lumber-yard.

The auditor found from the testimony of Perkins that on the Boston and Providence, the Western Massachusetts, the Columbus and Cincinnati, and the Ogdensburgh railroads, it was the practice to exclude, in measuring, all the "wane," and to allow only what each piece of lumber will square.

The defendants' counsel insisted that the action on book account could not be sustained for the basswood lumber charged in item No. 3, for the want of sufficient delivery and acceptance of the same. The court at the March Term, 1864, PECK, J., presiding, over-ruled the objection, and rendered judgment on the report for the plaintiff for the whole amount found due by the auditor, including the item No. 3,—to which the defendants excepted.

*Peck & Colby*, for the defendants.

The lumber was manufactured articles and there could be no recovery in book account without acceptance. The report finds there was no acceptance. *Rider* v. *Kelley & Roberts*, 32 Vt. 268.

*Heman Carpenter*, for the plaintiff, maintained that the title to the lumber passed to the defendants *on delivery*. *Birge et al.* v. *Edgerton*, 28 Vt. 291 ; *Slate* v. *Barker*, 26 Vt. 647 ; *Hutchins* v. *Gilchrist*, 23 Vt. 82 ; *Sanborn* v. *Kittredge*, 20 Vt. 632.

The action of book account is the appropriate action, where there is a *sale and delivery* of the property. *Blish et al.* v. *Granger*, 6 Vt. 340 ; *Carpenter* v *Dole*, 13 Vt. 578.

POLAND, Ch. J. The defendants insist that the plaintiff cannot recover on book against them for the third item in his account for the *basswood lumber*, for want of such an acceptance by them as passed the property from the plaintiff to them.

Carpenter *v.* Brainard et al.

It has been decided by this court in the case of *Latham* v. *Lewis*, and in one or two subsequent cases, none of which are yet reported, that where articles are manufactured upon a contract to be delivered at a future day, and when completed are offered to the party ordering them, and he wrongfully refuses to receive them, that the property does not thereby pass, so that an action for goods sold and delivered would lie, nor can they be charged on book and the price recovered in that form, but the only remedy is by an action for damages for refusing to accept.

In other words the title does not pass without a delivery and acceptance. The reason of this is well stated by ALDIS, J., in the case of *Rider* v. *Kelly et al.*, 32 Vt. 268 : " The vendee was entitled to examine them, and use his judgment in determining whether they came within the contract. They would not become his property against his consent ; though if he wrongfully refused to accept them he would be liable in damages. He was not bound by the offer of delivery to accept them and treat them as his own. When the contract so plainly points for something further to be done by the purchaser, some further right or privilege to be exercised before actual delivery takes place, and actual possession and title change, then the possession and title must be held to remain in the seller, and he must take charge of the property and keep the same or sell it as he sees fit."

We are entirely satisfied with the soundness of the decisions on this subject, and have no disposition to recede from them. But is the principle decided in them conclusive against the plaintiff's right to recover this item, as the defendants claim? The defendants contracted with the plaintiff for all the lumber on twelve acres of land, to be sawed, and delivered upon the railroad premises of the defendants at Northfield.

The lumber was all sawed according to directions given by the defendants' agent, and was drawn and delivered by the plaintiff upon the defendants' premises, at a place designated by their agent.

There was and is no complaint but that the lumber in every respect was such as the plaintiff contracted to deliver. It was delivered into the possession of the defendants as the contract stipulated, and was placed where their agent directed. The defendants actually

Whitcomb v. Barre.

used all the lumber purchased of the plaintiff except the basswood named in this item.

Upon these uncontroverted facts is there any question but that the title passed to the defendants, at least if the plaintiff so elected?

Suppose after the lumber had been thus delivered, a creditor of the plaintiff had attached it as the property of the plaintiff?

Or that after such delivery the lumber had been consumed by fire, or otherwise destroyed, would it have been the plaintiff's or defendants' loss?

The case of *Hunt* v. *Thurman & Martin*, 15 Vt. 336, decides the last of these questions, and determines that in such case the property had passed to the defendants, and the loss would be theirs. See cases cited by court and counsel in the case referred to.

The fact that the lumber had not been measured, and that a dispute arose between the parties, as to the quantity, and proper rule of measurement, did not affect the question.

The contract for the lumber was entire, and the actual acceptance and use of a part may well be treated as an acceptance of the whole, as was held in the cases of *Blish et al.* v. *Granger*, 6 Vt. 340, and *Carpenter* v. *Dole*, 13 Vt. 578. The measurement claimed by the plaintiff was according to the custom of the place, by which the defendants should be held to pay.

Judgment affirmed.