## LAPORT v. BACON.

### *Assumpsit. Reference. Trustee.*

Under s. 32, c. 94, of Gen. Sts., assumpsit for money had and received is an appropriate action to recover back money paid for liquor sold in violation of law.

When a case is refered, all that could be brought in by any proper amendment of the declaration, may be tried by the referee.

Section 58, c. 34, of the Gen. Sts., expressly provides, that when a trustee is discharged, the judgment shall be no bar to an action brought against him by the principal defendant for the same demand.

GENERAL ASSUMPSIT for money paid for liquor sold in violation of law. The case was referred before the plaintiff had filed specifications, and when the general issue was the only plea pleaded. After the hearing before the reference had been once continued, the defendant filed a plea in offset for money paid for liquor sold in violation of law, and at the final hearing before the referee, the plaintiff filed specifications of his claim. The defendant objected at the hearing that plaintiff could not recover under the general counts; but the referee ruled otherwise, and admitted the plain-

Laport *v.* Bacon.

tiff's evidence.   The plaintiff objected to defendant's introducing any evidence in support of the plea in offset, because said plea was not filed until after the case was referred, and because the subject matter thereof could not properly be pleaded in offset; but the referee overruled the objections, *pro forma*, and admitted defendant's evidence.   Defendant claimed that the subject of the suit had been adjudicated in a suit wherein he was summoned as trustee of the plaintiff.   It appeared that plaintiff was indebted to defendant for liquor sold in violation of law, and also in a small sum growing out of some legitimate transaction; that plaintiff delivered a lot of furniture to defendant to sell, and pay himself out of the proceeds, and pass the balance to plaintiff.   While defendant held said furniture, he was summoned as trustee of plaintiff in a suit in favor of Blodgett & Co., and also in a suit in favor of Fisher & Co. Before judgment in the former suit, defendant sold said furniture, and was adjudged trustee in that suit according to his disclosure, for the balance of the proceeds of said sale, after deducting his debt against the plaintiff, which judgment he paid.   Fisher & Co. claimed to hold the trustee for what remained in his hands, upon the ground that he could not lawfully retain money to pay his debt, because it was for liquor sold in violation of law; but it was held otherwise, and the defendant was discharged as trustee in the last named suit, and no appeal was taken from that judgment.   The referee found for the plaintiff.

The court, at the April Term, 1875, PIERPOINT, Ch. J., presiding, rendered judgment on the report for the plaintiff.   Exceptions by defendant.

*R. H. Start*, for the defendant.

*Farrington & McIntyre* (*Lawrence* with them), for the plaintiff.

The opinion of the court was delivered by

WHEELER, J.   The statute for recovering back compensation paid for liquor sold in violation of law, provides that all such compensation " shall be held and considered to have been received

in violation of law, without consideration, and against law, equity, and good conscience, and may, in an appropriate action, be recovered back, it being alleged in the declaration that the money, labor, or personal property so held, was received and is held to the use of the plaintiff." This action is upon the common counts in assumpsit, and it is urged that such compensation cannot be recovered back in that form of action. But the action of assumpsit has always been considered to be an equitable action, by which a plaintiff might recover money which a defendant held, and in equity and good conscience ought not to retain ; and as the statute declares all such payments to have been received without consideration and against equity and good conscience, it would seem to be plain that the action of assumpsit would be a very appropriate action by which to recover back the payments, and, when received in money, that the common counts would likewise be appropriate. And in that branch of the common counts which is for money had and received, it is always alleged that the defendant, being indebted to the plaintiff for so much money before that time had and received to the use of the plaintiff, undertook and promised to pay the same, yet, though requested, has refused, which follows the exact words of the statute, where money is sued for, except as to the word " held " ; and an allegation that the defendant had received the money, and has and does refuse to pay it, is equivalent to the allegation that he holds it, and, as the statute does not prescribe a set form, but only the substance of what is to be alleged, is sufficient, where the compensation to be recovered back was made in money. And from the facts stated in the report, it appears that the defendant received *money* of the plaintiff's in payment for the liquor, for he does not appear to have received the goods put into his hands by the plaintiff in satisfaction of his claim for the liquor, but to sell and take his pay out of the proceeds, and when he did sell and take his pay out of the proceeds, the money, not the goods, satisfied his claim, and that was what he received in payment. So the proof followed the declaration, and would have been admissible and proper under it if the trial had been by the court or by jury, instead of by a referee. Then again, this action is to recover what by force of

the statute had always been the plaintiff's, and, although in form delivered in payment, had never become the defendant's, and is not penal, but is remedial, and the declaration could be amended the same as in any civil action ; and when the cause was referred, all was referred to be tried by the referee that, by any proper amendment of the declaration, could be brought into it ; and if it would have been necessary in a trial under the declaration, to have alleged more fully how the defendant received or held the money sued for, such an amendment would have been proper, in the discretion of the court, and the want of it was waived, as has been many times held, by the reference.

The cause could be referred only by agreement of the parties. The statute gives no authority to refer causes otherwise ; Gen. Sts. 269, s. 52 ; and if it did, it would not be valid. *Plimpton* v. *Somerset*, 33 Vt. 283. When this cause was referred, there was no plea in offset, and nothing was referred but that cause of the plaintiff against the defendant. When the plea in offset was filed, if it was allowed to stand as a plea or declaration, a new cause of action in favor of the defendant against the plaintiff, entirely distinct from the other, would be introduced. Whether the plea in offset should stand or not, was a matter entirely for the County Court; but if it was to stand, whether the cause of action set up in that should be referred with that set up in the declaration, was a matter for the parties to agree about as they should see fit, and it could not be so referred without the consent of both. It does not appear that the court took any action in respect to the plea in offset, further than may be inferred from the rendering of judgment on the report for the plaintiff ; but it not only does not appear that the plaintiff consented to a trial of the set-off by the referee, but it does appear that he objected to such a trial, and that the one had was had without his consent, so that he was not bound by it, and it was of no effect as to him. Consequently, the findings of the referee upon the cause of action set up in the declaration, were authorized and binding, and those upon that in the set-off were neither. No question appears to have been made about the propriety of rendering final judgment on the report for the plaintiff without formally disposing of the plea in offset, either

by having it taken off the file as being out of time, or by trial in some way, so none arises here. As the case stands, the propriety of the judgment on the report only is in question.

By express statute, the trustee having been discharged, the trustee suit was no bar. Gen. Sts. 314, s. 58. And there is no question about the manner in which the suit is prosecuted that the defendant can avail himself of as a defence.

Judgment affirmed.