## COUNTY OF CALEDONIA,

AT THE

### OCTOBER TERM, 1880.

PRESENT:

Hon. JAMES BARRETT,
Hon. HOMER E. ROYCE,
Hon. TIMOTHY P. REDFIELD, } ASSISTANT JUDGES.
Hon. H. HENRY POWERS,

———

## LYNDON GRANITE CO. *v.* JOSEPH FARRAR, APPELLANT.

### *Contract. Headstone. Reference.*

The plaintiff contracted with defendant for a dark blue Rutland marble headstone; and " to do a perfect job." The defendant refused to accept the stone when delivered, claiming that it was defective, because of a " *whitish line or streak* about a sixteenth of an inch wide . . . . running diagonally downward across the stone and through, in striking contrast with the general color and appearance of the stone." The *referee did not find* that the " *streak*" *rendered the stone defective,* or that it did not answer the contract. Action, general assumpsit. *Held,*

1. If the case had not been referred, probably *no recovery* could be had upon the *general counts.*

2. All questions as to the form of the declaration are waived by the reference.

3. The court will not pass upon the question of defective declaration, as *it does not appear to have been raised in the County Court;* and, also, there was *no exception to the report.*
4. The plaintiff can recover the *contract price.*
5. *Viall* v. *Hubbard,* 37 Vt. 114, distinguished.

CASE heard at the December Term, 1879, Ross, J., presiding. The court rendered judgment for the plaintiff on the report of a referee to recover the contract price of the headstone. The facts appear in the opinion of the court.

*George W. Cahoon,* for the plaintiff.

All questions of mere form of the suit are waived by the reference. *Waterman* v. *Conn. & Pass. Rivers R. R. Co.,* 30 Vt. 610 ; *Laport* v. *Bacon,* 48 Vt. 176 ; Rob. Dig. p. 600, s. 5 ; 43 Vt. 502 ; 27 Vt. 766 ; 25 Vt. 316. Judgment will be entered upon the report whenever, without changing the nature of the action, the declaration or the pleadings can be so amended as to accommodate them to the facts found by the referee. *Cook* v. *Sprague,* 10 Vt. 216 ; *Clifford* v. *Richardson,* 18 Vt. 620 ; *Maxfield* v. *Scott,* 17 Vt. 634 ; *Davis* v. *Campbell,* 23 Vt. 236 ; *Ladd* v. *Lord,* 36 Vt. 194 ; *Hicks* v. *Cottrill,* 25 Vt. 80.

*M. Montgomery,* for the defendant.

Defendant never owed plaintiffs for the stone ; for he never became the owner of it. If he refused wrongfully to allow them to finish their contract, their remedy was to bring a suit for damages upon the contract setting it forth specially, and the defendant's breach thereof. 1 Chitty Plead. 296, 320, 347–8, 9 ; *Curtis* v. *Smith,* 48 Vt. 116 ; *Carpenter* v. *Brainard,* 37 Vt. 147. They cannot recover for work and labor done, for it was done for themselves and not for defendant. *Allen* v. *Thrall,* 36 Vt. 711 ; *Hodges* v. *Fox,* 36 Vt. 74 ; *Lotham* v. *Lewis,* cited in last case ; The headstone was defective. *Viall* v. *Hubbard,* 37 Vt. 114.

The opinion of the court was delivered by

REDFIELD, J. This action is assumpsit in the common counts. The report finds that the plaintiff contracted with the defendant for a dark blue Rutland marble headstone, three feet eight inches

high, and one foot six inches wide, and two inches thick; to be delivered by June 20th, 1878, and set by plaintiff; the defendant was to have the socket ready when the stone should be delivered; price agreed upon was $14.50. The plaintiff contracted " to do *a perfect job.*" The stone was delivered according to the contract. The defendant claimed of the plaintiff that the contract required him to engrave on the stone a line of poetry or a sentiment which he should furnish the plaintiff; but the referee finds that such was not the contract. The defendant never furnished the socket nor accepted the stone.

I. The defendant insists that the action should have been *special* assumpsit, and that no recovery can be had upon the general counts. If the case had not been referred to the referee this point, probably, would have been well taken. *Curtis* v. *Smith*, 48 Vt. 116; *Carpenter* v. *Brainard*, 37 Vt. 147. But all questions as to form or variance are waived by the reference. It is the *cause* of action which is referred, and recovery may be had if the party has a good cause for action, and by any amendment in the mere form of pleading the party would be entitled to recover. By the reference in this case, the defendant has waived this objection to the form of the declaration. *Waterman* v. *Conn. & Pass. Rivers R. R. Co.*, 30 Vt. 610; *Laport* v. *Bacon*, 48 Vt. 176; Rob. Dig. p. 600, s. 5–6. The case does not show that this question was raised or adjudicated in the County Court; nor is there any exception to the report on this ground, or intimation in the report that the defendant was not content to try the case as it was tried, on its merits. For a double reason this question has been waived by the defendant.

II. The defendant also claims that the stone was defective in the material of which it is made, and not answerable to the contract. The referee finds that " there was a whitish line or streak, about a sixteenth of an inch wide, commencing about one foot from the base and running, diagonally, downward across the stone and through, in striking contrast with the general color and appearance of the stone; that the stone is solid, and apparently

sound at this place, and polished to the same smoothness with the rest of the stone." The referee does not find that this " whitish streak" rendered the stone defective ; or that it did not answer the contract. And this is purely a question 'of fact. It appears that this " streak " was not a defect in the manufacture, nor anything caused by the plaintiff, but a color " streak " in the texture of the marble. Whether such " streaks " are common in the " blue Rutland marble " ; whether such appearances diminish or enhance the market value of such marble for this use, does not appear. But it does appear that for durability and service as a headstone, it is not thereby impaired. The defendant relies upon *Viall* v. *Hubbard*, 37 Vt. 114. In that case the contract was for " good white marble " ; and the headstone made and delivered was by some accident, and by artificial means, tarnished and discolored on the face of the stone and partly across the inscription. This was held a defect that impaired its value, and the defendant was not bound to accept it as a compliance with the contract. The auditor had reported that " this discolorization was temporary in its character—would soon disappear by exposure in the open air ; and that there was no failure in fulfilling the contract, unless as a matter of law the temporary discolorization was a failure."

It might well be questioned, we think, whether the sentiment and feeling, touching monuments for the dead, very neatly elaborated by ALDIS, J., in this case, might not more fitly be considered in discussing the *facts* rather than the *law* of the case. But that case differs materially from the case at bar. It was not made of pure " white marble," but had been stained and disfigured, (by accident it is true), but by the act or sufferance of the contracting party, and was not at the time of delivery what the party contracted for. In this case if there was any defect, it was in the natural color of the stone ; and the court cannot say as a matter of law that this headstone was not made of " blue Rutland marble," such as is bought and sold in the market under that appellation and name.

Judgment is affirmed.