## H. L. CUTTING v. ESTATE OF J. W. ELLIS.

MAY TERM, 1894.

*Appeal from probate court. Filing new counts in county court.*

The claimant, upon appealing from the probate court, filed his declaration in assumpsit in that court. Subsequently he filed two additional counts in case in the county court. The defendant moved to dismiss these counts, and the court denied the motion. *Held*, no error; for

(*a*) A party is not confined in the county court to his declaration filed in the probate court, but may file such additional counts as the nature of the claim demands; and

(*b*) It may be that the counts were filed under No. 73, Acts of 1888, to cover claims not presented to the commissioners by reason of fraud, accident or mistake; and the court will not presume the contrary to find error.

Appeal from an order of the probate court for the district of Washington, disallowing the claim of the claimant. In the probate court the claimant filed a declaration in general

assumpsit.  In the county court he amended this declaration
by filing two additional counts in case.  These counts the
defendant moved to dismiss.  Heard on this motion at the
March term, 1894, Washington county, TYLER, J., presid-
ing.  Motion overruled.  The defendant excepts.

*Dillingham, Huse & Howland* for the defendant. ·

The new counts being in tort, there is a misjoinder.
*Williamson* v. *Allison*, 2 East 450; *Beeman* v. *Snow*, 27
Vt. 720; *Stewart* v. *Wilkins*, Doug. 18; 2 Chitty, Pl., 13
Am. Ed. *279, *280.

If the appellant desired to file separate counts in the county
court, he should have done so in the probate court.  *Adams'*
*Admr.* v. *Sawyer's Est.*, 3 Vt. 373; R. L., ss. 2272, 2279;
*Lynde* v. *Davenport*, 57 Vt. 597.

*S. C. Shurtleff* for the plaintiff.

There can be no misjoinder in suits for the prosecution of
claims against the estates of deceased persons, for the statute
provides that all sorts of causes of action can be joined.
*Adams' Admr.* v. *Sawyer's Est.*, 3 Vt. 373; *Abbot* v.
*Estate of Gale*, 11 Vt. 525.

START, J.  This is an appeal from the disallowance of
a claim by commissioners.  In the probate court the plaintiff
filed a declaration in general assumpsit.  In the county
court he filed two additional counts in case.  The defendant
moved that these additional counts be dismissed.  The court
overruled the motion, and the cause comes to this court for
hearing upon the defendant's exception to this ruling.

The defendant's motion was properly overruled.  In ap-
peals from the allowance or disallowance of claims by com-
missioners, the claimant is required to file a declaration, and
may join in his declaration as many counts as he has causes

of action. *Adams' Admr.* v. *Sawyer's Estate*, 3 Vt. 373; *Abbott* v. *Estate of Gale*, 11 Vt. 525. When a claimant appeals from the disallowance of his claim by commissioners, it is his duty to file his declaration in the probate court. R. L., s. 2272. If he omits to file a declaration in that court, he may, by leave of court, file it in the county court. *Francis* v. *Lathrope*, 2 Tyler 372. When a declaration filed in the probate court does not correctly set forth the claimant's claim, the county court may allow him to amend; and, for the purpose of setting forth his claim or claims in proper form, he may join the same counts and causes of action that he could have joined in his declaration filed in the probate court. R. L., s. 907; *Brown* v. *Brown*, 66 Vt.

The ruling of the court below can also be sustained under R. L., s. 2271, as amended by No. 78, of the Acts of 1888, which provides that, if any claim in favor of the estate against the claimant, or any claims in favor of the claimant against the estate, has not been presented to the commissioners by reason of fraud, accident or mistake, on trial, upon filing statements of claims in the county court, recovery may be had for such claims not presented to the commissioners. The causes of action declared on in the two additional counts in case may not have been presented to the commissioners by reason of fraud, accident or mistake. If this was so, the defendant had a right to file additional counts in the county court, setting forth the causes of action omitted in presenting his claim to the commissioners. We cannot, for the purpose of finding error in the ruling of the court below, assume that the plaintiff did not thus file his additional counts pursuant to the statute above cited.

*Affirmed and remanded.*

Thompson, J., being engaged in county court, did not sit.