EST. OF ADELINE WHITE *vs.* EST. OF HIRAM S. WHITE.

January Term, 1897.

Present:  Ross, C. J., ROWELL, MUNSON and START, JJ.

*Notes Surrendered Conditionally—Amendment.*

The sister, being ill and not expecting to live, surrendered to the brother notes which she held against him, upon the condition that if she recovered and needed the interest he should pay it, and the notes were destroyed.   She did recover and needed and demanded the interest, a part of which he neglected to pay.   *Held*, both having deceased, that his estate was liable to her estate for the unpaid interest.

It is immaterial whether the interest might be recovered under the common counts, for the cause, having been referred, is to be treated as if any necessary amendments, within the power of the court to make, had been made; and the cause being an appeal from probate, any amendment was allowable.

The estate of the sister is not barred or estopped from prosecuting its claim against the estate of the brother by reason of the fact that before his decease her administrator had settled his account and her estate had been distributed to the heirs, in which distribution the brother had received his share, with full knowledge by all parties in interest that he claimed the notes as his own.

APPEAL from probate.   Declaration, the common counts in assumpsit.   Pleas, the general issue with notice and statute of limitations.   Heard on the report of a referee at the September Term, 1896, Chittenden County, *Tyler*, J., presiding.   Judgment for the claimant for the sums named in the report with interest.   The defendant excepted.

Adeline White died in October, 1890, and Hiram in June, 1893.   After the death of Adeline and before the death of Hiram, her estate was settled by her administrator who investigated this claim against Hiram and declined to prosecute it unless indemnified by the heirs.   In the settlement and distribution of her estate, Hiram received his portion as an heir and no appeal was taken.   It was understood by all that Hiram claimed the notes as a gift.

After the decease of Hiram and the appointment of commissioners upon his estate, this claim was presented in the name and with the authority of Adeline White's administrator, but in the interest, first, of one of the heirs, and, afterwards of the assignee of one of the heirs, of Adeline White, who indemnified the administrator.

*C. M. Wilds* and *E. R. Hard* for the defendant.

The proceedings in the settlement of Adeline White's estate constitute a bar to the prosecution of the present claim. Justice requires that the claimant estate should be held estopped. *Tinkham* v. *Smith*, 56 Vt. 187; *Spaulding* v. *Warner*, 59 Vt. 646.

There was no promise on the part of Hiram which created a debt, he was to pay her during life what she needed in lieu of, and not exceeding, the interest, and, in the event of her death, it was her purpose to release the interest as well as the principal.

Interest is not recoverable under a count for money had and received or money lent.

*Roberts & Roberts* for the plaintiff.

The interest was a legal incident of the original loan. Adeline forgave Hiram the principal, but retained the interest to accrue during her life. This was not the creation of a new obligation, but a reservation of a part of the original.

This case having been referred stands upon the facts and not upon the pleadings.

A partial settlement and distribution of Adeline's estate among her heirs is effective only to the extent of the distribution. Nor is the claim affected by the fact that some of the heirs doubted it, nor that the administrator refused to prosecute without indemnity. No matter upon what inducement he has engaged in the prosecution. It is enough that the proper party is in court.

START, J. It appears from the referee's report that Hiram

S. White and Adeline White were brother and sister. In March, 1886, Adeline was ill, and her condition was such that she deemed it prudent to make her will, and to dispose of two notes she held against Hiram. She made her will and delivered the notes to Hiram to dispose of as he saw fit, and he destroyed them. Adeline intended the notes should not be a part of her estate to be distributed under her will, and that Hiram should be released from the payment of any part of the principal, and from paying the interest thereon in the event of her death; but there was an understanding between them, that, if she recovered and needed the income which the notes would have produced had they not been surrended, Hiram should see that she had it during the remainder of her life. She recovered, and lived until October, 1890. During this time, she needed the income for her support and maintenance, and, from time to time, applied to Hiram for money; and he sent her or handed her different sums, at different times, as she needed, to an amount equal to what the interest on the notes would have been to the summer of 1889, when he neglected and refused to furnish her any further sums, although payment of such interest was demanded by her, and although he knew her needs were practically the same they had theretofore been during the time covered by his payments. The referee also finds, that, during the last six years of her life, she had on deposit in a bank fifteen hundred dollars; but, notwithstanding this finding, he reports that she needed the income which the notes would have furnished had they not been surrendered.

The finding that Adeline intended that Hiram should be released from the payment of interest in the event of her death, and that there was an understanding between them, that, if she recovered and needed the income which the notes would have given her had they not been surrendered, Hiram should see that she had it during the remainder of her life, must be construed together; and, when so considered, it is

clear that the release in the event of her death referred to death from her then illness, and that it was not intended that Hiram should be released from the payment of the equivalent of interest, if she needed it, unless she died from her then illness.  Therefore, a condition was attached to the surrender of the notes, that, if she recovered and needed the income which the notes would have yielded had they not been surrendered, Hiram should pay it; and the notes were surrendered with this understanding.  She having recovered and needed the income, the condition attached to the surrender of the notes was operative and binding upon Hiram; and the income the notes would have produced had they not been surrendered became due and payable absolutely and without any contingency.  On the neglect or refusal of Hiram to pay the same on demand, a cause of action accrued against him; and this cause of action was not extinguished by her death; and nothing has been done, or omitted, by her heirs, or the legal representatives of her estate, that has the effect to work an estoppel or bar the action.

Whether Adeline was in need of the income the notes would have given her if they had not been surrendered, was a question of fact for the referee; and the defendant is concluded by the finding.  The evidence is not referred to, and there is nothing in the report from which we can say that the finding was upon insufficient evidence.  She may have needed more money than she expended, and we cannot say that she did not need the money deposited in the bank and the income the notes would have yielded.

The defendant insists that the interest cannot be recovered under the common money counts in assumpsit.  The cause having been referred and tried by a referee, judgment must be rendered according to the facts reported, if the county court had power to allow an amendment to the declaration that would include the item of interest, if such amendment was necessary.  *Dennis* v. *Stoughton*, 55 Vt. 371; *Granite*

*Co.* v. *Farrar*, 53 Vt. 585. As the cause came to the county court by appeal from the probate court, the county court could allow such amendments to the declaration as the nature of the demand required. *Cutting* v. *Ellis's Estate*, 67 Vt. 70.

> *Judgment affirmed, and cause certified to the probate court.*