PORTER & DANA *v.* LYMAN C. SMITH AND SAMUEL FORD.

In an action upon book account, declaring against two defendants as partners, a plea in bar, that the defendants ought not to account, because they were never partners, is bad upon demurrer.

No defence can be specially pleaded, in such action, which depends, for its effect, upon the plaintiffs' account.

A case once brought into the supreme court from the county court is never remanded, unless some issue to the jury stands closed upon the record, which is to be tried, before the case can be farther proceeded with.

BOOK ACCOUNT. The plaintiffs declared against the defendants as partners. The defendants pleaded, that they ought not to account, because they were never partners; and the defendant Ford pleaded, severally, his discharge in bankruptcy. The plaintiffs demurred to both pleas.

The county court, November Term, 1845,—REDFIELD, J., presiding,—decided, *pro forma,* that the first plea was sufficient, and rendered judgment for the defendants. Exceptions by plaintiffs.

*C. Coolidge* for plaintiffs.

The demurrer is well taken. If the plea puts in issue a fact, to which the parties may testify, it is bad. *Delaware* v. *Staunton,* 8 Vt. 48. That the parties may testify to the material fact relied on in both of these pleas is established by the case of *Keeler et al.* v. *Matthews et al.,* 17 Vt. 125. For the general principle, see *Loomis* v. *Barrett,* 4 Vt. 454; *Stevens* v. *Richards et al.,* 2 Aik. 81; *McLaughlin* v. *Hill,* 6 Vt. 20; *Reed* v. *Talford,* 10 Vt. 568; *Bryan* v. *Jackson,* 4 Conn. 288; *Peck* v. *Abbe,* 11 Ib. 207. The judgment to account, in this action, concludes nothing. *Albee* v. *Fairbanks,* 10 Vt. 314. *Delaware* v. *Stanton,* 8 Vt. 48.

*Tracy & Converse* for defendants.

If in any case a special plea in bar is allowable, it would seem to be in this. The statute, Rev. St. 219, provides, that the action of account may be sustained on book account. The action, then, is *account.* The second section of the same statute clearly recognizes

the right to plead to the action. The action of account, in ordinary cases, requires all matters of defence to the action to be pleaded. *Bishop* v. *Baldwin*, 14 Vt. 145. The statute makes no distinction between account and book account, in this respect. In Connecticut, where this action originated, a variety of pleas are allowed, and some matters of defence *must* be specially pleaded. 1 Sw. Dig. 727. In this state the court say, " If the defendant can show, by evidence before the court, payment and satisfaction for such articles as are given on *oyer*, or a release, or discharge, he may avail himself of such defence by plea." *Read* v. *Barlow*, 1 Aik. 145. *May* v. *Brownell*, 3 Vt. 463. *Delaware* v. *Staunton*, 8 Vt. 48. The right of the parties to testify is by no means a sure criterion, by which to determine whether a matter may be pleaded specially, or insisted upon before auditors. *Hillaker* v. *Loop*, 5 Vt. 116.

The opinion of the court was delivered by

REDFIELD, J. It has long been settled, that, in the action of book account, no defence can be specially pleaded, which depends, for its effect, *upon the plaintiff's account*. All such defences must go before the auditors. All pleas in court must go to the *declaration*. This plea, indeed, professes that. But, in the opinion of the court, it addresses itself to a matter, which the plaintiff was not bound to prove strictly as alleged. The fact of there being, in some form, a joint liability is, indeed, of the essence of the recovery, and is therefore the main inquiry to be had before the auditors, and cannot be taken from them, without putting the whole case to the jury. But whether the joint liability resulted from a general or special partnership, or from a partnership in the particular transaction, was not necessary to be alleged, or proved, even if alleged, and of course could not form the point of a plea in bar. The cases of *Delaware* v. *Staunton*, 8 Vt. 48, and *Bishop* v. *Baldwin*, 14 Vt. 145, show fully the view of this court in regard to the subject, and the proper distinction between this and the action of account.

The judgment of the county court is reversed, and the case will be finished in this court, unless the state of the pleadings requires a jury trial,—in which case it will be remanded for that purpose. According to our present practice, a case once brought into this court from the county court is never remanded, unless some issue to the jury stand closed upon the record, which is to be tried, before the case can be farther proceeded with.