## WIRES & PECK *v.* JOHN M. FARR.

### *Practice.*

Upon the question, how far it was competent for this court, in a case standing upon pleadings and demurrers, to revise any decision of the county court, except upon the very point upon which the case was made to turn in that court, *it was held*, that if the judgment is found erroneous, and reversed, it then is the settled practice of this court to look into all the issues standing upon the record, and render such a judgment, as the county court should have rendered.

In the argument of this case, a question was made, how far it was competent for this court, in a case standing upon pleadings and demurrers, to revise any decision of the county court, except the very point upon which the case was made to turn in that court.

BY THE COURT. If the judgment below is affirmed, it will become unnecessary to look into any other question determined there, except the very one upon which the case was ended. But if that judgment is found erroneous, and is reversed, it then is the settled practice of this court to look into all the issues standing upon the record, and render such a judgment, as the county court should have rendered. The party against whom the case is determined below, excepts to the judgment, and not to the successive steps by which the court came to that result. So, too, the other party might have had many of the preliminary questions decided against him, but he is not at liberty to take exceptions to these

preliminary questions, inasmuch as the ultimate judgment on the record is in his favor. A contrary course would sound not unlike an exception to the reasons for the judgment, when the judgment itself was in one's favor. No rule of practice, in this court, is better, or has been longer regarded as settled. Numerous reported cases might be cited, where the principle has been more or less distinctly recognized. *Porter* v. *Smith,* 20 Vt. 344.