Smith *v.* Bradley.

WARREN H. SMITH *v.* JEREMIAH BRADLEY, *Appellant.*

*Pleading.   Statute of Limitations.   Book Account.*

In an action on book account, the statute of limitations may not be pleaded in bar to prevent a judgment to account, but must be taken advantage of before the auditor.

THIS was an action on book account, originally commenced before a justice of the peace, and came to the county court on the appeal of the defendant.   On the entry of the appeal in the county court, the defendant filed his petition or motion in writing, craving oyer of the plaintiff's account against him, and also a plea of the statute of limitations,—both being filed on the 12th day of September, 1865, which was the first day of the term.

As the 20th rule of the county court provides that, in all actions on book account, " each party shall furnish to the opposite party a copy of his book accounts within fifteen days after the request is made, and at least three days before the hearing to be had before auditors ; but the time allowed by this rule may be enlarged upon special application to the court or to the auditors," the court made no order whatever in respect to the petition or motion ; but the plaintiff, in court, annexed a copy of his account against the defendant, as stated and claimed by him, to the defendant's petition or motion.   The defendant thereupon claimed that he was entitled to a trial by jury on his plea of the statute of limitations.

The court decided that in this action on book account, the defence

Smith *v.* Bradley.

under the plea of the statute of limitations must be taken advantage of by the defendant before the auditor, and that this plea was not a "plea which, being true," showed that "the defendant ought not to account" with the plaintiff; and, no other plea being pleaded, the court thereupon rendered judgment, as in case of *nil dicit*, that the defendant do account with the plaintiff, and appointed an auditor to hear, examine, and adjust the accounts between the parties. To this decision and judgment the defendant excepted.

The exceptions were allowed, and ordered to be placed on file, to await the final determination of the action in the county court.

At the next term the auditor returned and filed his report, finding due from the defendant to the plaintiff the sum of one hundred and nineteen dollars to balance book accounts between them, and the defendant filed his exceptions to the said report. On the hearing upon the report and exceptions the court decided that the exceptions should be overruled, and that the plaintiff was entitled to recover a judgment against the defendant for the amount of the balance reported by the auditor, and rendered judgment in favor of the plaintiff against the defendant on the report accordingly. To this decision and judgment the defendant excepted.

*R. R. Thrall*, for the defendant, contended that the plea of the statute of limitations denies the plaintiff's right of action and if true is a perfect defence, and shows that the defendant ought not to account. It is as fatal to the plaintiff's right of action as a technical release, which has always been held to be a good plea in bar in the action on book. *Delaware* v. *Staunton*, 8 Vt. 48. The court tries the plaintiff's right of action, and the auditors try the accounts between the parties. *Ib.* 8 Vt. 48. The plea of the statute of limitations, when raised, raises an issue of fact, proper for the cognizance of a jury; and either party has a right to a trial by jury. Bill of Rights, § 12, p. 18; Constitution of Vt. § 31, p. 24; G. S., p. 342, § 2; *Hagar* v. *Stone*, 20 Vt. 106.

*W. H. Smith*, plaintiff, *pro se.*

While the actions of account and book account are similar in *some*

particulars, in others they are wholly unlike. The rules of pleadings in these actions are practically and necessarily different. In the former special pleas are common and required, in the latter are rare and not allowable. No case can be found, we think, in which the plea of statute of limitations, in book account, has been tolerated and issue made to its jury. The *novelty* of this pleading is a strong argument against the right. *Bishop* v. *Baldwin*, 14 Vt. 145 ; *Porter* v. *Smith*, 20 Vt. 344 ; *Delaware* v. *Staunton*, 8 Vt. 48.

If the rule of pleadings were the same in the two actions, then this plea could not be allowed under the practice in this state, as this defence has uniformly been made before auditors. And such is an account that whatever may be pleaded in bar must be so pleaded and cannot be shown before the auditor. 14 Vt. 145 ; 17 Vt. 476. This plea does and must necessarily rest upon the *oyer* of the plaintiff's account, and yet the plaintiff is not bound by his oyer. He may claim before the auditor upon an entirely different account, to which the plea might have no reference. The defendant might not *assume* in his plea that oyer is given of the plaintiff's whole account. This plea cannot reach the whole claim of the plaintiff, as further account *might accrue before audit* which would have to be audited. *Delaware* v, *Staunton*, cited above. And hence this plea, if *true*, does not show he *should not account.*

The opinion of the court was delivered by

STEELE, J. It is by statute that the action of account is made sustainable on book account. The other causes upon which account lies involve some special relation of express or implied trust as that of partner, bailiff, receiver or co-tenant. The several items of a book account, on the contrary, instead of being mutually dependent or growing out of some single relation between the parties, may be each, in effect, a distinct case, involving its own peculiar issues. If the defendant was required to plead to these items before reaching the auditor and the hearing was delayed until the various issues, some to the court and some to the country, were determined, the proceedings would be cumbersome, expensive and protracted, and the original intention of the statute to afford a cheap, simple and expeditious remedy would be utterly defeated. Therefore, although the

Smith *v.* Bradley.

action on book account is governed by the same *general* rules of procedure as other actions of account. It has been thought impracticable to treat pleas which in other actions of account would bar a judgment to account as " pleas which being true the defendant ought not to account" on book. From the necessity of the case the trial on book account is mainly and usually before the auditor. The interlocutory judgment or judgment to account is little more in point of conclusiveness, when the action is founded on book account, than an ordinary order of reference. Even the non joinder of the defendant is a matter of defence before the auditors. *Smith* v. *Watson*, 14 Vt. 332; *Hagar* v. *Stone*, 20 Vt. 106. So too, after a judgment to account by default, final judgment in chief may be rendered for the defendant. *Gordon* v. *Potter*, 17 Vt. 348. The right to plead in bar is as limited as the right to defend before the auditor is extended. Release may not be pleaded in bar, unless perhaps where it is a release of the *action*, as well as the account. *Delaware* v. *Staunton*, 8 Vt. 52. The release, which was properly pleaded in *Judd* v. *Blake et al.*, 14 Vt. 410, was a release of the action made after the hearing by the auditor. The old rule that all pleas in bar which admit an original accountability, or depend on the plaintiff's account are bad, seems to have been applied more strictly in book account than in other actions of account. *Porter* v. *Smith*, 20 Vt. 344. The statute of limitations has been held, under some qualifications, to be a proper defence by plea, in ordinary action of account; 1 Bouv. Bac. Ab., 51; *Bishop* v. *Baldwin*, 14 Vt. 146, but; under the rule of the adjudged cases in this state, it is clearly not pleadable in bar in an action on book account. It does not stand upon even as strong ground as a release because the lapse of the statutory period does not extinguish the right. The plea of the statute is entirely dependent upon the plaintiff's account. It admits an original accountability. Such defenses are, as we have seen, a proper matter of consideration before the auditor only.

Judgment affirmed.