ISAIAH P. MATTHEWS v. LYMAN C. TOWER.

*Book Account. Account. Pleading. Practice.*

Difference between action of book account and action of account.

In book account no plea in bar is good which puts in issue the merits of the plaintiff's account, because it takes the trial from the auditor to the jury.

The defendant's first plea in this action on book, set forth a trial by jury of the very matter for which this suit was brought, and a verdict taken by the consent of the parties in the absence of the justice before whom the suit was tried, with the agreement that it should have the same effect that it would have if the justice were present, and a settlement of the matter between the parties according to the verdict, and a denial that there was any other account between the parties. The second plea was the same as the first, omitting the statement of the settlement. *Held*, that the pleas involved the merits of the plaintiff's account, and were insufficient upon demurrer.

A demurrer admits only such facts as are well pleaded, and the defendant had no right to plead these matters in bar of a judgment to account.

BOOK ACCOUNT. The defendant filed special pleas,—to which the plaintiff demurred. The first plea stated that the defendant bought of the plaintiff eight sheep, and a dispute arose between them as to how much the defendant should pay therefor, and the defendant tendered to the plaintiff the sum of fifty dollars, and afterwards the plaintiff brought a suit against the defendant, before a justice of the peace, and the case was tried by jury. The only matter that was then subsisting between the plaintiff and defendant was concerning the said sheep. The plaintiff's claim before the jury was as to said sheep and nothing else, and after the evidence was given in, and the case argued, the court charged the jury, that if they found the value of the sheep to be not over fifty dollars they should find for the defendant, and in that case to state in their verdict what they found to be the value of the sheep. Whilst the jury were out on the case the justice complained of being unwell, and said that he could remain no longer, and thereupon left the place of trial without adjourning the court, and was absent when the jury returned. When the jury returned, in charge of the officer who was sent out with them by the justice, the parties and their respective counsel

were present, and it was then and there agreed between said parties, that the officer should take and read the verdict, and that it should have the same effect that it would have if the justice were present. And, thereupon, the jury were asked if they were agreed, and answered by their foreman that they were agreed, and the foreman handed the verdict to the officer, and the officer took it and asked the parties respectively if he should read it, and it was answered on the part of each party, that he should. And, thereupon, he did read it distinctly in the presence of the jury, the parties, their respective counsel and sundry other persons, and it was in substance, that the defendant was not indebted to the plaintiff as he had alleged, and that the defendant recover his costs. The money tendered was then in the custody of the justice. Pursuant to said charge, the jury stated in their verdict that they found the value of the sheep to be $48., and thereupon the defendant's cost was taxed and agreed upon by the parties and their respective counsel, at the sum of $6.53, and that sum was deducted from the $48., leaving the sum of $41.47, which last above named sum the defendant then and there paid to the plaintiff's attorney, who was authorized by the plaintiff to receive it in full satisfaction of the plaintiff's claim ; and the defendant then and there, in conideration as aforesaid, gave up and relinquished his claim for costs ; and in consideration thereof and the sum of money so paid by the defendant, the plaintiff gave up and relinquished all claim for, or anywise in respect to, said sheep and said suit which was then pending therefor. And afterwards this suit now pending was brought and a trial was had therein before said justice, and on said last named trial the plaintiff made the same claim as on the trial first above named, and no other. And the defendant says, that since the first above named suit was brought, there has been no dealing between the parties, except as above set forth ; and the plaintiff has no book account against the defendant, except as to said sheep, and the defendant has no book account against the plaintiff, wherefore, he prays judgment, etc.

The second plea set forth the facts resulting in a verdict taken by agreement in the absence of the justice, as aforesaid, in the former suit, omitting the statement of the settlement, also the bringing of

this suit, etc., as in the first plea, and that the cause of action in said former suit, for which a recovery was had, was, and is the identical cause of action in the plaintiff's declaration contained, and for which this suit is brought, this he is ready to verify; wherefore he prays judgment, etc.

The court, at the May Term, 1866, BARRETT, J., presiding, *pro forma*, adjudged the pleas sufficient and rendered judgment for the defendant,—to which the plaintiff excepted.

*Christopher A. Webber*, for the plaintiff.

The defendant's first and second pleas in bar are insufficient. 1st. The facts set up in said pleas, if proved, amount to payment or settlement, and such pleas are not to be received in bar of the action, but the facts set up must be proved before the auditor in discharge of the account. *Delaware* v. *Staunton*, 8 Vt. 48; *Bishop* v. *Baldwin*, 14 Vt. 145. 2d. Pleas must go to the declaration. These do not even profess that, but depend for their effect upon the plaintiff's account. Such defence, depending upon the account itself, must go before the auditor. *Porter & Dana* v. *Smith & Ford*, 20 Vt. 344.

*Hunton & Gilman*, for the defendant.

We claim, *first*, that the verdict is in substance an award and that it should have the same effect. And, *second*, whether that be so or not the parties settled the whole matter, and the balance was paid.

Either an award, or settlement and payment is a defence to this suit, and the question is : May they be pleaded specially ?

If this action of account was brought for any cause but book account, the pleas would be sufficient. *Taylor* v. *Page*, Crs. Car., 116 ; *Baxter et al.* v. *Hozier*, 35 E. C. L., R. p. 114 ; *Bishop* v. *Baldwin*, 14 Vt. 145.

The difference in the rules of pleading which have been in this state applied to the action of account upon book account, and the same action for other causes is founded on two reasons. 1st. The difference in the form of declaring ; and, 2d, the inclination of the courts to allow parties to testify in actions of book account.

As to the difference in the form of declaring : In the action of

account for any cause but book account the plaintiff states the ground of his claim to an account; and that the defendant may deny. If the action be upon book account the plaintiff need not state his ground of claim to an account, and if he do, is not bound to prove it as stated. *Porter et al.* v. *Smith et al.*, 20 Vt. 344. Beyond this the forms do not warrant the defence made in this state. The declaration on book contains the allegations that the defendant refused to settle or pay.

As to the courts so deciding as to allow the parties to testify. In the case, *Hall & Co.* v. *Downs et al.*, Brayton, 168, it seems that if the plaintiff could have testified, or if by the plea the burden of proof had not been cast on him, the plea would have been held sufficient.

In the case *Delaware* v. *Staunton*, 8 Vt. 48, one ground for holding the pleas insufficient was that they put in issue facts as to which the parties might testify before the auditor.

In Connecticut pleas which admitted the defendant to have been once liable to account, such as are pleaded in this case, were admitted in the action of book account. 1 Swift's Dig., (728,) 751. Though the parties were thereby deprived of the privilege of testifying. *Ib.* p. [729,] 752. The reason for excluding such plea has ceased by the statute providing that parties may testify in all civil cases. The reason ceasing, the rule should cease. 2 Bouv. L. D., pp. 145, 423.

If the defendant cannot avail himself of the facts pleaded to prevent a judgment to account, the whole original controversy will be open for litigation before the auditor.

We submit that there is no practical difficulty in this mode of pleading.

That reason and authority are in favor of doing away with this anomalous exception to the rules of pleading.

The opinion of the court was delivered by

PECK, J. It is agreed by counsel that no question is to be presented or considered except such as arise upon the demurrer to the first two pleas. These pleas are filed and insisted on in argument in bar of judgment to account and reference to auditors. If the defendant has no right to plead the matters set forth in the pleas for this

purpose, and in this stage of the case, it is not material to the decision of the demurrer, whether the facts set forth do or do not constitute a good defence when found by the auditors. Therefore whether these pleas contain matter proper to be tried by jury, is the first question to be determined, and in one event the determination of this question is decisive of the question involved in the demurrer.

It is insisted by the defendant's counsel that these pleas would be good in bar of an action of account at common law, and that the same rules of pleading should apply in the action of book account. In support of this last proposition the statute is referred to to show that the action of book account is there treated as an action of account, and subject to the same rules. It is true that the statute regulating the mode of trial in actions of account, adds some cases in which the action of account may be brought where it would not lie at common law ; and from the manner in which the action of book account is inserted among them, it would seem that the action of book account was intended to be denominated, an action of account. It also prescribes the same mode of trial, that is, so far as requiring it to be tried before auditors on the oath of the parties. This mode of trial is almost the only particular in which the action of book account resembles or is analogous to the action of account. The rules of pleading adapted to the action of account are inapplicable to the action of book account. This was evidently seen by the legislature ; for in prescribing the form of the declaration in the action of book account, they adopted, as far as it goes, the form of an action of debt on simple contract, but leaving it more indefinite and uncertain. Considering the nature of the subjects and dealings which may be embraced in an action of book account, and the form of the declaration, this action is much more analogous to the action of debt on simple contract than to the action of account. Hence it has almost become an axiom in the law of this action, that if debt on simple contract will lie, the action of book account may be maintained, (although this is not of universal application.) But in relation to the action of account, the general rule is the reverse ; so that the legislature of 1852 had to pass a statute providing that an item or items more properly belonging to an action of account, might be

adjusted in adjusting the accounts in an action of book account. It has been decided that even this statute does not render the two forms of action the same, or apply to a case where the plaintiff's whole account in an action of book more properly belongs to an action of account. The action of book account has always been regarded as a new creation of the statute, distinct from the action of account, and that the rules of pleading in bar of a judgment to account and reference to an auditor, applicable to the action of account, do not apply to this action; that there must be a judgment to account and a reference to an auditor, as matter of course, that such judgment concludes nothing, it being only matter of form. It is said in some of the cases that the court are judges of the *action,* and the auditors are judges of the *account*; that is, the court will judge whether upon the facts the action will lie, and the auditors must find the facts. The court will not go into a preliminary inquiry into the facts, either by court or jury, as in the action of account, but only decide the law of the case upon such facts as may be found and reported by the auditor. The main reason assigned in the cases for this difference, is that the action of account lies only where there is some peculiar relation between the parties under which the account accrued, and that relation must be specifically set forth in the declaration, and all the accounts to be adjusted must have grown out of that relation; such as that of copartners, bailiff and receiver, joint tenancy, or tenancy in common. In such case a distinct and single issue can be formed upon the question, whether such relation between the parties existed, which can be tried by the jury without investigating the merits of the items of the account. But in the action of book account, there is no such peculiar relation alleged on which the right to maintain the action depends, and none need be proved; the account may consist of a multiplicity of items, and each item may depend on a distinct contract or transaction; and to allow such preliminary inquiry before the jury, would not only lead to such a multiplicity of issues as to be impracticable, but would necessarily lead, more or less, to an investigation of the merits of the items, matters to be tried by the auditor. *Delaware* v. *Staunton,* 8 Vt. 48 ; *Bishop* v. *Baldwin,* 14 Vt. 145 ; *Porter* v. *Smith et al.* 20 Vt. 344, cited in

argument, show this distinction between the two forms of action, and that these pleas are no bar to a judgment to account. Some criticism has been bestowed by counsel on some of the reasons assigned in these cases for the decisions. It is true that in *Porter* v. *Smith et al.*, which was an action of book account against the defendants as partners, and in which the plea was that they were not partners, the court say that the plaintiff might recover in the action on book if he proved a joint indebtedness without proving a partnership. But the court put the decision also on a still broader ground, that the question of a joint relation between the defendants could be tried only by the auditors. REDFIELD, J., says: "It has long been settled, that in the action of book account, no defence can be specially pleaded, which depends for its effect *upon the plaintiff's account*. All such defences must go before the auditors." And again he says: "The fact of there being, in some form, a joint liability, is indeed of the essence of the recovery, and is therefore the main inquiry to be had before the auditors, and can not be taken from them, without putting the whole case to the jury." It is insisted that as one of the reasons assigned by the court in *Delaware* v. *Staunton*, against allowing the plea of settlement, payment and discharge by a written receipt, to be pleaded, was that it would deprive the plaintiff of the right to testify, a different rule ought now to prevail, since the statute now allows parties to testify on trials in court before the jury. If the only reason which induced the legislature to provide by statute that actions on book should be tried by auditors, was to enable the parties to testify, the fact that by the recent law the parties may testify in court, might be a reason, before the legislature, for repealing the provision referring actions on book to auditors, but it cannot give the court the right to repeal or disregard it. The fact that auditors have better facilities of trying actions of this kind, which usually require the investigation and adjustment of numerous items, than a jury can have, undoubtedly was the main reason for the statute requiring the trial to be before auditors. So long as this mode of trial is provided for by statute, the plaintiff has a right to have his case so tried. No plea in bar, therefore, is good which puts in issue the merits of the plaintiffs account, because it takes the trial from

the auditors to the jury.    The cases referred to might have been put on this ground alone.

The pleas in this case clearly involved the merits of the plaintiff's account.    They put in issue the question whether the plaintiff has any other account than the eight sheep ; and in relation to the eight sheep, the first plea is either a plea of payment, or *nil debit*, or payment by way of accord and satisfaction.    The second plea which relies on the verdict taken by agreement in the absence of the justice, in substance amounts to no more than this : That the defendant is not indebted to the plaintiff *on book account*.    Both pleas put in issue matters proper to be tried by the auditors, and a judgment to account will not preclude the defendant from the benefit of the facts on hearing before them.    It is urged by the defendant's counsel that the demurrer admits the truth of the facts alleged in the pleas, and that, as the facts are admitted, the court ought to render judgment for the defendant without referring the case to auditors to try the truth of what is admitted.    But a demurrer admits only such facts as are well pleaded.    As the defendant had no right to plead these matters in bar of a judgment to account, and thereby deprive the plaintiff of his right to have the truth of them tried by the auditors, the matters are not well pleaded.    The plaintiff therefore had a right to demur.    Whether the facts set forth in the pleas are a good defence or not to the merits of the plaintiff's account before the auditors, the pleas are bad in this stage of the case for the purpose for which they are pleaded.

The *pro forma* judgment of the county court is reversed, and new trial granted.