LIBRARY BUREAU *v.* HOOKER, CORSER & MITCHELL CO.

May Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed July 31, 1911.

*Action of Account—Book Account—Pleading—Pleas in Bar— Disability of Plaintiff to Sue—P. S. 1802.*

A plea relying on the permanent disability of plaintiff to maintain the action may be in bar.

P. S. 1802, providing that in an action of account, if defendant pleads in defence a plea which, if true, makes him not liable to account, it may be tried by jury, applies also to the action of book account; and so, in an action of book account, a plea alleging that plaintiff is a foreign corporation and as such has been doing business in this State without ever having paid an annual license tax to this State, and without ever having obtained from the Secretary of State a certificate that it had complied with all the rqeuirements of law to authorize it to do business in this State, and that the items of plaintiff's book account accrued under contracts made in this State, is a good plea in bar, and the court improperly rendered judgment to account after issue had been joined on the plea.

BOOK ACCOUNT, Windham County, April Term, 1910, *Miles* J., presiding. Pleas in bar showing the disability of the plaintiff to sue, and issue joined thereon to the jury, and thereupon heard on plaintiff's motion for judgment to account. Judgment to account rendered. The defendant excepted. The opinion states the case.

*Clarke C. Fitts* and *Hale K. Darling* for the defendant.

In an action of book account, though a plea in bar that puts in issue the items of plaintiff's account is bad, a plea in bar that does not do that, but shows, if true, that defendant is not liable to account is good. In effect, defendant's pleas deny plaintiff's capacity to sue in the courts of this State; and want of corporate capacity to sue may be taken advantage of either by plea in abatement or by plea in bar. *Boston etc.*

*Foundry* v. *Spooner,* 5 Vt. 93; *Pres., etc. of Bank of Manchester* v. *Allen,* 11 Vt. 302; *Aetna Ins. Co.* v. *Wires,* 28 Vt. 93.

*William W. Stickney, John G. Sargent* and *Homer L. Skeels* for the plaintiff.

It has been a long established custom in the action of book account to render judgment to account as of course, and to look with disfavor on special pleas such as are proper in the action of account. The court will not make preliminary inquiry into the facts either by court or jury—all are left for the auditor. *Matthews* v. *Tower,* 39 Vt. 433; *Smith* v. *Bradley,* 39 Vt. 366; *Hall* v. *Armstrong,* 65 Vt. 421; *Loomis* v. *Barrett,* 4 Vt. 450; *Goddard* v. *Brown,* 11 Vt. 278; *Smith* v. *Watson,* 14 Vt. 332; *Hager* v. *Stone,* 20 Vt. 106; *Delaware* v. *Staunton,* 8 Vt. 48; *Porter* v. *Smith,* 20 Vt. 344; *Hall* v. *Down,* Brayt. 168; *May* v. *Brownell,* 3 Vt. 463; *Bordon* v. *Brookline,* 8 Vt. 284.

ROWELL, C. J. This is book account. The defendant pleads two pleas, the substance of which is, that the plaintiff is a foreign corporation, and as such has been doing business in this State since January 1, 1908, without ever having paid an annual license tax to this State, and without ever having procured from the secretary of state ·a certificate that it had complied with all the requirements of law to authorize it to do business in this State; and that the items of book account upon which the suit is brought accrued under and by reason of various contracts between the parties, each and all of which were made in this State. The replications traverse the pleas and conclude to the country, and issue joined.

The plaintiff moved below for a judgment to account. The motion was heard on the pleadings and sustained, the issue joined being ignored, and judgment to account rendered, to which the defendant excepted.

The pleas are to the disability of the person of the plaintiff to maintain the action, and are in bar, as they well may be, for they go to a permanent disability. *Type Foundry* v. *Spooner,* 5 Vt. 93; 1 Chit. Pl. [*446.].

The statute provides that the action of account may be

maintained, among other things, on book account, and that if the defendant in an action of account, pleads in defence a plea which, if true, makes him not liable to account, it may be tried by jury, and if a verdict is found against him, the court shall render judgment that he account.   P. S. 1802.

The statute also provides that no foreign corporation —with exceptions not applicable here—shall do business in this State without having first procured from the secretary of  state a certificate that it has complied with all requirements of law to authorize it to do business in this State, and that the business of the corporation to be carried on in this State is such as may lawfully be carried on by a corporation incorporated under the laws of this State for such or similar business. P. S. 774. The statute further provides that no foreign corporation—except as aforesaid—shall maintain any action in this State upon any contract made by it here, unless, prior to the making of such contract, it has procured such certificate. P. S. 776.

The pleas allege, as we have seen, that no  such  certificate was *ever* procured by the plaintiff, and that the items of account sued upon accrued under contracts made in this State; and the principal question is whether said statute in respect to pleading in bar of an accounting in an action of account embraces book account also, and we think it does, and that the cases show that it has always been so considered.

In *May* v. *Brownell*, 3 Vt. 463, which was an action of book account, the Court fully recognized the applicability of that statute to the book account action.   There the plaintiffs urged as an answer to some of the defendant's exceptions to the report, that they should have been specially pleaded and not litigated before the auditor.   But the Court said that items of book account are not like "branches from one common root," as the items of a bailiff's account are, which rest on the contract that makes him bailiff, and where a plea of "never bailiff" meets the whole action, though the account may consist of a thousand items; but not so in an action of book account, in which there is no general issue that can be tried and the case go to an auditor afterwards; and so by our statute the defendant must account unless he pleads some special matter that shows he

ought not to account; that such a plea must be tried by jury, and if the verdict is for the plaintiff, auditors are appointed. County court Rule 6 makes the same recognition, for it provides that in actions of account and book account, judgment to account shall be entered as soon as the state of the pleadings will permit.

In *Porter* v. *Smith*, 30 Vt. 344, the defendants were declared against as partners, and they pleaded in bar that they ought not to account because they never were partners. But the Court said that it had long been settled in book account that no defence can be specially pleaded that depends for its effect upon the state of the plaintiff's account; that all such defences must go before the auditor, for pleas must go to the declaration, as the plea there professed to do but did not, because it addressed itself to a matter that the plaintiff was not bound to prove strictly as alleged, for although some form of joint liability was necessary to recovery, and therefore the main inquiry before the auditor, and could not be taken from him without putting the whole case to the jury,—yet whether a joint liability resulted from a general or a special partnership, or from a partnership in the particular transaction, was not necessary to be alleged, nor to be proved if alleged, and so could not, of course, form the subject of a plea in bar. The case also fully recognizes the applicability of the statute in question to the action of book account.

*Matthews* v. *Tower*, 39 Vt. 433, was an action of book account in which the defendant pleaded two pleas in bar, one of which was either a plea of payment, *nil debit*, or payment by way of accord and satisfaction; and the other, in substance, that the defendant was not indebted to the plaintiff on book account. The plaintiff demurred. The defendant insisted that the pleas would be good in bar in an action of account at common law, and that the same rules of pleading should apply in the action of book account, because, it was claimed, the statute treats the action of book account as an action of account, and subject to the same rules. The Court said that the statute seems to show that the action of book account was intended to be denominated an action of account, and that it prescribes the same mode of trial as far as requiring it to be before auditors on the oath of the parties, but that the mode of trial is almost the only

particular in which the action of book account resembles or is analogous to the action of account; that the action of book account has always been regarded as a new creation of the statute, and that the rules of pleading in bar of a judgment to account and a reference to an auditor, applicable to the action of account, do not apply to an action of book account; that in book account there must be a judgment to account and a reference to an auditor, which judgment, of course concludes nothing, it being only matter of form. The Court goes on to ·say that the reason assigned in the cases for this difference is, that the action of account lies only where there is some peculiar relation between the parties under which the account accrued, which relation must be specifically set forth in the declaration, and all the accounts to be adjusted must grow out of that relation; as, out of that of copartners, bailiff and receiver, joint tenancy, or tenancy in common, in which case ·a distinct and single issue can be formed upon the question whether such relation existed between the parties as can be tried by jury without investigating the merits of the items of the account; but that in book account there is no such peculiar relation alleged on which the right to maintain the action depends, and none need be proved; that the account may consist of a multiplicity of items, each depending upon a distinct contract or transaction, and that to allow such preliminary inquiry before a jury would lead, not only to such a number of issues as to be impracticable, but, necessarily, more or less, to an investigation of the merits of the items of the account as well, which are matters to be tried by the auditor; that so long as that mode of trial is provided by statute, the plaintiff has a right to have his case so tried, and therefore that no plea in bar is good that puts in issue the items of the plaintiff's account, because it takes the trial from the auditor to the jury; and so the court held that the pleas in that case were bad, as they clearly involved the merits of the plaintiff's account.

This discussion by the Court was in answer to the defendant's claim that the pleas would be good in bar in an action of account at common law, and that the same rules of pleading should apply in the action of book account, because the statute treated that action as an action of account. But the Court

showed conclusively that from the very nature of the action of book account it is impossible to apply to it the common law rules of pleading in bar in the action of account and still have the case go to the auditor on its merits, as the plaintiff is entitled to have it.   But when the Court showed this, it by no means showed that the provision of the statute under consideration does not apply to the action of book account, for its holding that no plea in bar is good in book account that puts in issue the items of the plaintiff's account, is virtually saying that a plea in bar that does not do that, but shows, if true, that the defendant is not liable to account, is good.

Some read the opinion in that case as saying that in book account there must be a judgment to account and a reference to an auditor "as matter of course".   This is done by making the "matter of course" phrase refer to the rendition of the judgment, whereas, when rightly understood, it refers to the effect of the judgment when rendered, as we have made it refer in our paraphrase of the opinion.

*Smith* v. *Bradley*, 39 Vt. 366, was an action of book account. The defendant pleaded the Statute of Limitations in bar of an accounting.   The court below held that the plea was not a plea which, if true, showed that the defendant was not liable to account; and no other plea being pleaded, rendered judgment to account as in case of *nil dicit*, and appointed an auditor, to which the defendant excepted.

This Court said that the right to plead in bar in book account is as limited as the right to defend before the auditor is extended.   In saying this it is manifest that the Court was speaking of the case as presented, and consequently had in mind pleas that depend upon the plaintiff's account or that admit an original liabilty to account, for it goes on to say that the old rule that all such pleas in bar are bad, seems to have been applied more strictly in book account than in other actions of account; and it held that as the plea of the statute depended entirely upon the plaintiff's account and admitted an original liability to account, it was bad as presenting matter proper for consideration before the auditor only.

So this case is no authority for saying that in book account

a plea in bar, which, if true, makes the defendant not liable to account, and shows that he never was liable, can not be pleaded.

*Hall* v. *Armstrong*, 65 Vt. 421, 26 Atl. 592, 20 L. R. A. 366, was book account appealed from the judgment of a justice. The plaintiff moved for a judgment to account, to the rendition of which the defendant objected for that he was entitled to a trial by jury. The objection was sustained, the motion overruled, and the plaintiff excepted. In discussing the case this Court said that it had been the invariable rule that no plea in bar is good in this form of action that puts the merits of the plaintiff's account in issue, because such a plea would take the trial from auditors to a jury; that the right to plead in bar is as limited as the right to defend before the auditor is extended, and that this has, in effect, absolutely precluded the forming of an issue for a jury on the merits of the plaintiff's account. This shows that our construction of the opinion in *Smith* v. *Bradley*, is correct, for the Court repeats the aphorism there used, if it is an aphorism, that the right to plead in bar is as limited as the right to defend before the auditor is extended, and interprets it only as precluding the formation of an issue for the jury on the merits of the plaintiff's account, thus leaving an inference that leads to the conclusion that such an issue may be formed if it does not involve the merits of the plaintiff's account, which an issue solely on the liability to account would not.

So *Hunneman* v. *Fire District*, 37 Vt. 40, is a full recognition that a plea in bar of an accounting can properly be filed in book account. There no such plea was filed, and a judgment to account was rendered without objection and an auditor appointed. On the coming in of his report the defendant sought to deny its legal existence as a corporation. But the Court said that that objection should have been made by plea before judgment to account was entered, and was waived by not being then made.

We hold, therefore, that the statute providing that if the defendant in an action of account pleads in defence a plea which, if true, makes him not liable to account, it may be tried by jury, etc., applies to book account as well as to account.

But the plaintiff says that if such pleas are permissible, yet here, under the pleadings, the merits of the plaintiff's account are put in issue, because the questions, where the contracts were made, and whether the plaintiff is a corporation doing business in this State, are directly in issue, and that no defence can be specially pleaded that has such an effect, but must be made before the trier after judgment to account. But those questions do not involve the merits of the plaintiff's account; they go only to the defendant's liability to account, which is the ultimate question in the issue joined, and consequently the ultimate question to be determined.

We have said nothing thus far about the propriety of the court's refusal to submit the issue joined, and rendering a judgment to account *non obstante.* But, lest our silence should be taken as some approval of that course, we call attention to the difference there is said to be between refusing to submit a general issue joined on a bad declaration, and refusing to submit an issue formed on a traverse of bad special pleas. In the former case it is said that the court may refuse to submit the issue, but in the latter case it seems doubtful, to say the least, for the reasons given in *Batchelder* v. *Kinney*, 44 Vt. 150, to which reference is made for an exposition of the subject.

*Reversed and remanded.*