JENNIE M. METCALF v. CYRUS D. METCALF'S ESTATE.


February Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed May 10, 1915.

*Book Account—Plea—Sufficiently Decedent's Estate—Settlement—Husband and Wife—Relation of Debtor and Creditor—Proof of Claim by Surviving Wife.*

A plea in an action of book account is bad if on any state of the alleged facts defendant is liable to account.

The commissioners on a decedent's estate have jurisdiction to allow a claim in favor of decedent's widow, which accrued to her from dealings between her and decedent in respect of her sole and separate estate, and while they were living together as husband and wife, for such a claim is not in essence equitable, rather than legal.

A plea to a declaration in book account against a decedent's estate, which alleges that the items accrued while claimant and decedent were living together as husband and wife, but does not negative their accrual from dealings affecting her sole and separate estate, is bad on demurrer.


APPEAL by Jennie M. Metcalf from the disallowance of her claim against the estate of Cyrus D. Metcalf. Declaration in book account. Special plea in bar of judgment to account. Heard on demurrer to that plea at the September Term, 1914, Orleans County, *Fish*, J., presiding. Demurrer sustained, plea adjudged insufficient, and judgment to account. Defendant excepted. The opinion states the case.

*J. W. Redmond* for the defendant.

*Young & Young* for the claimant.

HASELTON, J. This was a probate appeal. The plaintiff sought to recover in book account against the estate of Cyrus D.

Metcalf. The defendant filed a plea in bar of a judgment to account on the ground that during the time when the supposed items of book account were claimed to have accrued, the plaintiff and Cyrus D. Metcalf were husband and wife living together as such in this State; and that so, in law, the wife could have had no cause of action for the items against Cyrus in his lifetime, and can have none against his estate. To this plea the plaintiff demurred. The demurrer was sustained, the plea adjudged insufficient and judgment to account was rendered. The defendant excepted.

The plea was bad if upon any state of facts the defendant was liable to account notwithstanding the relation of husband and wife set forth in the plea. P. S. 1802; *Library Bureau* v. *Hooker &c. Co.*, 84 Vt. 530, 80 Atl. 660.

The accounting here asked for may have affected the wife's sole and separate estate, and if so she certainly is not left without remedy. *First National Bank* v. *Bertoli*, 87 Vt. 297, 89 Atl. 359; *Ainger* v. *White's Admrs.*, 85 Vt. 446, 82 Atl. 666; *Dietrich* v. *Hutchinson*, 81 Vt. 160, 69 Atl. 661; *Laird* v. *Perry*, 74 Vt. 454, 52 Atl. 1040, 59 L. R. A. 340.

And though, if the husband were living, the wife, because of a technical rule, would need to resort to a court of equity, which is not embarrassed by the marital relation, *Kittridge* v. *Kittridge*, 79 Vt. 337, 339, 65 Atl. 89, the jurisdiction of the commissioners to allow and adjust claims against his estate is so broad that, in respect to dealings between her and her deceased husband as to her sole and separate estate, she may resort to the commissioners, who can afford full, prompt, and convenient relief. Such a claim is not in essence equitable rather than legal. P. S. 2814, 2816; *Purdy* v. *Est. of Purdy*, 67 Vt. 50, 30 Atl. 695; *Spaulding* v. *Warner's Est.*, 52 Vt. 29; *Atkins' Est.* v. *Atkins' Est.*, 69 Vt. 270, 37 Atl. 746.

The case of a claim purely equitable in its essential nature, not proper to be presented to commissioners and not barred if not presented to them, we have no occasion to consider. That the distinction may not be lost sight of we refer to *Barton National Bank* v. *Atkins*, 72 Vt. 33, 43, 47 Atl. 176, and *Admr. of Leonard* v. *Exr. of Leonard*, 67 Vt. 318, 31 Atl. 783.

Since the defendant's plea, if true, did not show that the plaintiff did not have a claim cognizable by the commissioners on the husband's estate, and by the county court on appeal under

a declaration in book account, the demurrer to the plea was properly sustained, the plea adjudged insufficient and judgment to account rendered.

*Affirmed and remanded.*