WILLIAM H. BLAISDELL *v.* HAYDEN A. McCLARY.

May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 10, 1916.

*Practice Act—Book Account—Pleadings.*

The identity of the action of book account, as a remedy created by statute, is not lost, nor are the rules affecting it modified by the practice act, No. 90, Acts of 1915.

The statutes relating to procedure in actions of book account remain as before the practice act, No. 90, Acts of 1915, took effect, and the previous decisions of the Supreme Court relating thereto are to be given their full force.

An answer to a complaint in book account alleging that the matters for which recovery is sought arise out of a lease of plaintiff's farm on shares, by the defendant, as to which book account is not a proper remedy, does not go to the complaint, but involves the merits of the account and so presents matters proper for consideration before the auditor only.

Book Account. Hearing on plaintiff's motion to dismiss defendant's pleas at the September Term, 1915, Orleans County, *Slack,* J., presiding. Motion denied; pleas permitted to stand as answer to the merits only, under the Practice Act, No. 90, Acts of 1915; and judgment to account. The defendant excepted to the judgment rendered; to the order limiting the effect of the pleas; and to the failure of the court to hold that the fourth plea was a bar to the action. The opinion states the case.

*F. W. Baldwin, George B. Young* and *Walter H. Cleary* for the defendant.

*F. E. Alfred* and *J. W. Redmond* for the plaintiff.

Taylor, J. This is an action on book account. The writ is dated March 1, 1915. A demurrer was interposed but later withdrawn and defendant given leave to replead. Thereupon, defendant filed an answer wherein he (1) denies indebtedness to plaintiff on book account or otherwise; and (2) alleges payment, (3) the statute of limitations, (4) that all of the items shown by plaintiff's specifications filed in the action and all the matters for which he seeks to recover arise solely out of a lease of plaintiff's farm carried on by defendant for a term of years on shares, as to which book account is not a proper form of action and, (5) that among the items which plaintiff seeks to recover is one for damages for not carrying on the sugar place on said farm as to which the damages, if any, are unliquidated and so not a proper item of book account.

On hearing at the September Term, 1915, defendant claimed that under the practice act, (No. 90, Acts of 1915, in force July 1, 1915) an answer was necessary in an action on book account; and further that his fourth plea or answer was a bar to a judgment to account and stood for determination before that judgment could be rendered. Plaintiff moved to dismiss defendant's pleas for that they were not permissible in an action on book account; and because all questions put in issue thereby are matters to be heard before the auditor. The court denied plaintiff's motion, permitted the pleas to stand as answers to the merits only under the practice act and entered judgment

to account. Defendant excepted to the failure of the court to hold that the fourth plea was a bar to the action, to the order limiting the effect of the pleas or answers, and to the judgment to account.

Defendant's claims summarized are:

1. That book account as an independent action no longer exists, because of the practice act.

2. That, if still in force, the act requires an answer.

3. That in any event, he is entitled to plead facts in bar of the judgment to account which show that plaintiff has no right to maintain the action.

4. That if left in force by the practice act, account and not book account is the appropriate action in this case.

The argument in support of the first claim is that the practice act, adopted, as its title indicates, to simplify and improve court practice and procedure, has done away with all common law forms of action, unless section 11 defeats the other provisions of the act. It is urged that the section repealing all acts and parts of acts inconsistent with the practice act repealed statutes which gave force to the common law in so far as they adopted common law forms of action and pleading.

The practice act provides that forms of civil actions shall be: (a) contract; (b) tort; (c) replevin; (d) ejectment. No. 90, Acts of 1915, sec. 1. The following section provides that pleadings in such actions shall consist, among other things of a complaint, setting forth in brief and simple language the facts relied upon and the relief demanded; and an answer, containing either a denial of the allegations of the complaint, or a brief and simple statement of the facts relied upon in defence. Section 11 provides: "Nothing herein contained shall be taken to impair any right or remedy now provided by law."

Whatever difficulty there is arises from failure to distinguish between the action on book account as a form of action, and as a remedy. See *Deavitt* v. *Corey*, 90 Vt., 98 Atl. 1000, decided at this term. The Legislature thought to simplify and improve court procedure by classifying forms of action as provided in section 1 of the practice act; but did not intend thereby to abolish any existing action as a remedy. That there should be no room for doubt, a section was incorporated into the act expressly disavowing such intention. Applied to the case in hand, as to form of action, book account falls into the general classifi-

cation (a), in other words, is an action of contract. County court rule 10, §2. The identity of the action as a remedy created by statute is not lost, nor are the rules affecting it modified by the practice act. The incidents of the action are neither enlarged nor abridged thereby. County court rule 10, §5. The declaration is now called a complaint; but the form of the complaint remains unchanged. It is made sufficient by statute (P. S. 6266) and is unaffected by the practice act; for the statutory form meets the requirement of the act as to form, viz.: that it shall set forth the facts relied upon and the relief sought in brief and simple language. What we have is a complaint in an action on book account, in form an action of contract. The statutes relating to procedure in such actions remain as before the practice act took effect and our previous decisions relating thereto are to be given their full force.

This view of the matter disposes of all of defendant's claims. The practice act does not require an answer in actions on book account, where none was necessary under existing laws. It merely provides what the answer shall contain when one is required. While defendant was entitled in this action to file an answer which, if true, would relieve him from liability to account, the fourth paragraph of his answer relied upon as being of that character does not go to the complaint but involves the merits of plaintiff's account, and so presents matters proper for consideration before the auditor only. *Library Bureau* v. *Hooker & Co.*, 84 Vt. 530, 80 Atl. 660, and cases there reviewed remove this question from the realm of doubt. Defendant has no grounds of complaint that the court limited the effect of his answer. Nor is the question whether account or book account is the proper remedy before us on the pleadings. That defence depends upon the state of plaintiff's account and goes before the auditor.

*Affirmed and remanded.*