NEW YORK CENTRAL RAILROAD COMPANY *v.* H. G. CLARK AND
TRUSTEE.

February Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 17, 1918.

*Book Account—Declaration—Practice Act—G. L. 7472—Plead-*
*ing—Specifications—Jury Trial—Demurrer—Pleadings held*
*Insufficient when Defect is not Pointed Out by Demurrer.*

The form for a declaration in book account provided by G. L. 7472,
conforms both in letter and in spirit to the requirements of the
Practice Act.

A specification may show the defendant how to plead to a complaint,
but it cannot itself be pleaded to.

In an action of book account, to recover freight charges, pleas that the
plaintiff falsely represented what the proper charges were without
disclosing further charges authorized by law, and that there was
nothing due plaintiff from defendant and no account or dealings
between the parties which were the subject of book account, are
bad because they go to the specification and not to the declaration,
and do not relieve defendant from liability to account, but are
matters for the consideration of the auditor after judgment to
account is rendered.

Since a defendant in an action of book account is not entitled to file
an answer or plea in bar that goes to the merits of the accounting,
or that, if true, depends upon the state of the accounting claimed,
he is not entitled to a jury trial on the issue raised thereby.

A demurrer admits only such matters as are well pleaded.

The trial court and Supreme Court have the inherent power to keep un-
warranted proceedings from creeping into our practice, which
power it is the duty of each court to exercise, and it is consistent
with the Practice Act and the Rules of Court that a plea or answer,
wholly irrelevant and calculated to distort the course of the law
should be held insufficient, although the demurrer thereto does not
in terms point out its real character.

Book Account. Heard on plaintiff's demurrer to defendant's pleas at the April Term, 1917, Windham County, *Waterman*, J., presiding. Judgment, overruling the demurrers and adjudging the pleas sufficient. Plaintiff excepted. The opinion states the case.

*William W. Stickney, John G. Sargent* and *Homer L. Skeels* for plaintiff. ·

*Harvey & Whitney* and *Hale K. Darling* for defendant.

Haselton, J. This is an action of contract. The defendant filed four pleas by way of an answer. To these pleas severally the plaintiff demurred. The trial court overruled the demurrers, adjudged the defendant's pleas sufficient, and, exceptions being taken, passed the cause to this Court before final judgment. The plaintiff seeks its remedy by an action of book account, using the brief and simple language of the time-honored form provided by statute, a form, which because of its brevity, simplicity and comprehensiveness, conforms both in letter and in spirit to the requirements of the Practice Act. *Blaisdell* v. *McClary,* 90 Vt. 431, 98 Atl. 1001. The plaintiff filed a specification in which it charges the defendant for a claimed balance for the transportation of freight in cars. There are many items in the specification. Nearly all of the charges are on 20,000 pounds of freight "Brattleboro-Brighton," the freight charges being $30. Accompanying each charge referred to above is a credit of $28. Sixteen of the charges are for the same amount of freight each, but the charge in each such instance is $28, and there is in each such case an accompanying credit of $30. One charge is $24 for freight on 16,000 pounds, and the companion credit is $22.40. That is, in some few cases the credits are more than the items of charge to which they respectively correspond, and in all other instances the items of credit are less than the corresponding debit items.

The defendant's answer is by way of four pleas, so-called. Reduced to a brief statement, such as the Practice Act contemplates, pleas one and two set out that each of the several items of the plaintiff's specification arose out of contracts by which the plaintiff agreed with the defendant to ship specified amounts of live stock from Brattleboro in this State to Brighton station

in Massachusetts; that in each instance the plaintiff falsely and fraudulently represented to the defendant that the rate charged was the proper and legal rate; that the defendant had no knowledge as to the rate or charge for the shipment as fixed by rule, published tariff or any regulation of law, except as it was disclosed to him by the plaintiff; that, however, the plaintiff knew that by some rule, regulation or tariff and by some computation thereunder, an additional rate might be charged the defendant; that, in each instance, as the plaintiff knew, the defendant was shipping a whole or a part of the shipment as agent for others from whom he had collected or was to collect proportionately; that the defendant was persuaded to enter into each such contract of shipment, to make the shipment and to pay therefor according to the contract by the false and fraudulent concealments of the plaintiff. These two pleas of the defendant's answer are substantially the same. The second, however, sets up, in terms, an estoppel. These pleas we shall refer to again, but we here note that they are bad, in that they go to the plaintiff's specification and not to its complaint or declaration. *Currier* v. *King*, 81 Vt. 285, 289, 69 Atl. 873; *Aseltine* v. *Perry*, 75 Vt. 208, 210, 54 Atl. 190; *Alexander* v. *School District*, 62 Vt. 273, 277, 19 Atl. 995; *Lapham* v. *Briggs*, 27 Vt. 26.

A specification may show a defendant how to plead to the complaint, but a specification cannot itself be pleaded to. "Specifications are the creature of the Court, and are not a part of the record for the purpose of subsequent pleading." And this is emphatically true in an action of book account in view of the well-established character of the action and the duty of the auditor to bring the credit down to the time of the hearing before him. *Porter* v. *Smith*, 20 Vt. 344; *Delaware* v. *Staunton*, 8 Vt. 48.

Proceeding in his answer by what he calls pleas three and four, the defendant says that "there is no sum or amount justly due from him to the plaintiff by the plaintiff's original book," and that "there is not and never has been any account or subject of account or book account between the plaintiff and the defendant," that "the plaintiff has not and never has had any account or book account with or against the defendant," and that "there has never been between the plaintiff and the defendant any account for transactions, contracts or matters of deals of any sort which were the subject or basis for any account or book

account.'' All these matters set forth by the defendant in his answer by pleas three and four go to the merits of the plaintiff's claim in his action on book, as do also the matters set out in pleas one and two which go to the specification. All these matters are for the consideration of an auditor after judgment to account is rendered. Our cases illustrate the kinds of defence that may be made in bar of an accounting. Such a defence is the permanent disability of the plaintiff to maintain such an action. *Library Bureau* v. *Hooker*, 84 Vt. 530, 80 Atl. 660. See also *Metcalf* v. *Metcalf's Estate*, 89 Vt. 63, 94 Atl. 1, where the marital relation between the plaintiff and the deceased Metcalf, during the time when the account was claimed to have accrued, was relied on, though in vain, as a bar to an accounting on book. See further *Hunneman* v. *Fire District*, 37 Vt. 40, where it is held that if a defendant, sued as a corporation, would deny its corporate existence, such defence should be raised before judgment to account is rendered.

The defendant throughout his brief seems to take the position that because some matters may be pleaded in bar of any accounting, anything in bar may be so pleaded, and a jury trial demanded on the issue so formed. But an answer or plea in bar that goes to the merits of the claim for an accounting, or that, if true, depends upon the state of the accounting claimed, does not entitle a defendant to a jury trial; in fact a defendant is not entitled to file such an answer to a claim to an accounting on book. The defences of payment, nothing due, no dealings, settlement, accord and satisfaction, and all defences which involve a consideration of the merits of the claim made, all such defences as are here made, must go before the auditor, and before the auditor and on consideration of the auditor's report all the rights of the defendant are protected, as appears from our statutory provisions and our cases.

That no part of the defendant's answer relieves him from liability to account appears from the following cases: *Blaisdell* v. *McClary*, 90 Vt. 431, 98 Atl. 1001; *Library Bureau* v. *Hooker*, 84 Vt. 530, 537, 80 Atl. 660; *Davis* v. *Farwell*, 80 Vt. 166, 170, 67 Atl. 129; *Hogan* v. *Sullivan*, 79 Vt. 36, 64 Atl. 234; *Hall* v. *Armstrong*, 65 Vt. 421, 26 Atl. 592, 20 L. R. A. 366; *Smith* v. *Bradley*, 39 Vt. 366; *Matthews* v. *Tower*, 39 Vt. 433; *Sargeant* v. *Sunderland*, 21 Vt. 284; *Porter* v. *Smith*, 20 Vt. 344; *Hagar* v. *Stone*, 20 Vt. 106.

In an action of book account "the right to plead (or answer) in bar is as limited as the right to defend before the auditor is extended." *Steele,* J., in *Smith* v. *Bradley,* 39 Vt. 366, 369. The most thorough discussion of the nature and incidents of the action of book account, to be found in our reports, is the opinion in *Hall* v. *Armstrong,* 65 Vt. 421, 26 Atl. 592, 20 L. R. A. 366. Therein, Judge Thompson, referring to the rule laid down as above by Judge Steele, says: "This has ever been the rule in this State. This has in effect absolutely precluded the forming of an issue on the merits of the plaintiff's account."

The defendant in his brief speaks of the things which the plaintiff's demurrers admit. But demurrers admit only what is well pleaded, and here nothing is well pleaded by the defendant. *Matthews* v. *Tower,* 39 Vt. 433, 440.

The defendant says that the plaintiff's demurrers to pleas one and two are bad because the grounds therefor as specified set up matters of fact, that is, that they are speaking demurrers. If we assume that this is so, the fact remains that, with all such stated grounds struck out or disregarded, there are left demurrers to the pleas in question, and the trial court was bound to notice grounds of demurrer not pointed out that vitally affect the integrity of our judicial system. Rule 14 of this Court says that where, as here, a demurrant is the excepting party, he will not, without leave, be heard upon any cause of demurrer not shown by the bill of exceptions to have been specially pointed out on the hearing below. This means that there may be grounds of demurrer so fundamental that this Court will consider them, and may hear counsel thereon, although such grounds were not pointed out below; and this rule is not inconsistent with the Practice Act, for while that provides that a demurrer shall distinctly specify the reason why the pleading demurred to is insufficient, there is nothing in the act to prevent the court from noticing and holding insufficient a plea or answer, wholly irrelevant and calculated to distort the course of the law, merely because the demurrer does not in terms point out the real character of the plea. The trial court and this Court have the inherent power to keep unwarranted proceedings from creeping into our practice, and such power it is the duty of each court to exercise. *Lee* v. *Follansby,* 83 Vt. 35, 43, 74 Atl. 327, 138 Am. St. Rep. 1061; *Powers* v. *Rutland R. R. Co.,* 83 Vt. 415, 76 Atl.

110. Much of the discussion in the briefs of counsel on both sides relates to matters not now before us, and such matters we refrain from here discussing.

*Judgment on the pleadings reversed, and cause remanded that judgment to account may be rendered.*