## Atlas Financial Corporation

### v.

### Christopher W. Oliver, Barbara A. Oliver, Donald E. Hill and Dolores D. Hill

[274 A.2d 687]

No. 164-69

Present: Holden, C.J., Barney, Smith and Keyser. JJ. and Billings, Supr. J.

Opinion Filed February 2, 1971

*Parker, Ainsworth & Richards,* Springfield, for Plaintiff.

*Divoll & Buckley,* Bellows Falls, for Defendants.

Keyser, J. This case is here on appeal by the defendants from the denial of their motion to dismiss and from the judgment entered for the plaintiff in this case. The anomaly lies in the fact that we are asked to deal with the ruling on the motion to dismiss made by one court and with the judgment that was entered by another.

Plaintiff instituted suit April 15, 1968, on three counts. Count No. 1 was based on a note for $18,857.38, dated April 3, 1963, signed by the defendants, payable to Equity Acceptance Corporation and assigned to the plaintiff. Count No. 2 was based on a "Retail Installment Contract or Lien Contract" entered into between defendants Olivers and Hilco Homes Corporation of Philadelphia for the purchase of a Hilco home and involved the same obligation provided in the note, the rights and interest in the contract being first assigned to Equity Acceptance Corporation and later assigned to the plaintiff. Count No. 3 was to recover for materials and merchandise sold to the defendants Olivers and shipped to them in Springfield upon their promise to pay for the same but had neglected to do so, the rights and interest of Hilco having been assigned to the plaintiff.

The defendants filed an affidavit of defense on May 27, 1968, stating they had a good ground of defense for the reason that neither the plaintiff, Atlas Financial Corporation, nor its assignor, Equity Acceptance Corp., nor the assignor, Hilco Homes Corporation, all Pennsylvania corporations, is authorized to do business in the State of Vermont, pursuant to 11 V.S.A. § 691, and none of them being so authorized, the plaintiff as assignee cannot maintain an action in this State, pursuant to 11 V.S.A. § 764.

The statute, 11 V.S.A. § 691, provides that a foreign corporation shall not do business in this state until it has received a certificate of authority from the commissioner of foreign corporations. By 11 V.S.A. § 764 a foreign corporation shall not maintain an action in this state upon a contract made by it in this state, if at the time of making such contract, it was doing business here without lawful authority. This prohibition also applies to an assignee of such foreign corporation, and to a person claiming under such assignee or such corporation.

The defendants' affidavit of defense comes within the provisions of 12 V.S.A. § 1024, in that it sets forth facts con-

stituting an avoidance and affirmative defense to the action. It was timely asserted against the plaintiff's complaint and meets all the requirements of the statute. This raised an issue of fact which had to be settled by a verdict of a jury or findings by the court. *Library Bureau* v. *Hooker*, 84 Vt. 530, 531–32, 80 A. 660 (1911). We are dealing here with an affirmative defense which would defeat the action if properly established. And, as an affirmative defense goes to the merits of the controversy, it could not be tried by one court and the issues raised in the plaintiff's complaint tried by another.

On January 10, 1969, the defendants filed a motion to dismiss on the same grounds stated in their affidavit of defense. The motion to dismiss was clearly out of time. A timely motion to dismiss can raise issues of fact involving dilatory defenses under 12 V.S.A. § 1034, but that is not the case here. Having raised the issue in their plea to the complaint as an affirmative defense, repeating it in a later motion to dismiss and in a subsequent answer, was merely repetitive of their first pleading. Once issue was joined on that question, it had to be resolved by a final judgment after taking evidence and making findings of fact on all triable issues.

Procedurally, the case was for trial. Notwithstanding this, the court below at the March Term, 1969 heard defendants' motion to dismiss on March 6, 1969, received evidence, made findings of fact and then denied the motion. The motion, being out of time, did not present any issue to the trial court for determination, and, therefore, its findings were of no legal significance.

At the following term (September) the defendants, on October 8, 1969, by leave of court, made and filed their answer to the three counts in the complaint. As a part of their answer the defendants alleged as an affirmative defense the same facts set forth in their affidavit and motion.

On October 24, 1969, the trial court entered a pretrial order whereby the "defendants were precluded from asserting the defense that plaintiff was barred from recovery by virtue of its lack of authorization to transact business in Vermont, under said Findings of Fact (filed April 8, 1969) and denial of their motion to dismiss, with respect to Counts 1 and 2 of Plaintiff's Complaint."

██ The presiding judge at that term was in the posture of a successor judge in a trial that was started by his predecessor at the March Term. The general rule appears to be, that absent authority by constitution, statute or court rule, a successor judge has no power to enter a judgment where testimony has been taken before his predecessor unless the parties consent. 46 Am.Jur.2d *Judges* § 34; 53 Am.Jur. *Trial* § 20. 4 V.S.A. §§ 75 and 119 confirm this fundamental principle and make provision for a presiding judge, who has started a case, to continue to its completion, even though his term of office may be expired as in § 75, or after a particular term of court has ended, as in § 119.

On trial the plaintiff proceeded solely on Count 1 of its complaint the basis of which was recovery on the note. The defendants stated for the record what in substance their evidence would have been relating to the execution of the note had they been permitted to introduce the same except for the pretrial order.

The court made findings stating that the defendants were precluded from asserting the defense that the plaintiff was barred from recovery because of its lack of authority to do business in Vermont, under the Findings of Fact filed April 8, 1969, and the denial of their motion to dismiss based on said findings. Number 2 of the findings reads: "The Findings of Fact filed April 8, 1969 are incorporated in these findings and made a part hereof, as if set forth separately and in full herein."

The court making this finding had no evidence before it at any time regarding the claim of the defendants. It precluded the production of such evidence. For the court to adopt the findings of fact of another court under the circumstances shown in this case is quite irregular and impermissible. We find no authority to sustain such action. See 4 V.S.A. §§ 75 and 119.

Moreover, the findings of April 8, 1969, being a nonentity, furnish no basis for the trial court to preclude the defendants from producing evidence on their answer and affirmative defense and for adopting such findings as its own.

The judgment must be reversed and the case remanded for trial on the issues raised by the defendants' answer to

plaintiff's complaint and their affirmative defense thereto filed on October 8, 1969. *Library Bureau* v. *Hooker, supra.*

*Judgment reversed and cause remanded.*